■  DORIS MAZUR, Respondent, v. ROBERT MAZUR, Appellant.— In an action in which a judgment of the Supreme Court, Nassau County, granting plaintiff a divorce, was entered on May 22, 1970, defendant appeals from two orders of the same court, the first entered July 16, 1971, which (1) granted plaintiff's motion to punish defendant for contempt of court for failure to pay alimony and counsel fees as directed in the judgment and (2) denied defendant's cross motion, *inter alia*, to modify the judgment and to direct that the private dwelling formerly owned by the parties as tenants by the entirety be sold, and the second entered September 9, 1971, which denied defendant's motion for reargument. Appeal from order entered September 9, 1971 dismissed, without costs. An order denying reargument is not appealable. Order entered July 16, 1971 modified, on the facts and in the exercise of discretion, (1) by striking therefrom all the decretal provisions adjudging defendant in contempt, fining him therefor, directing payment of the fine and conditionally providing for commitment of defendant; and (2) by adding thereto provisions

directing (a) that the marital home be sold by July 1, 1972, with the sale to be subject to court approval, and that the proceeds of the sale be divided equally between the parties, with none of defendant's share to be paid to him while he is in arrears in his payments, and (b) that upon the sale of the home the alimony payable to plaintiff shall be increased by the sum of $50 a week. As so modified, order affirmed, without costs. On the record herein we believe it was an improvident exercise of discretion to deny defendant's application for a sale of the 14-room house occupied by plaintiff and the infant child of the parties. In the light of all the circumstances herein we believe it preferable and fair to direct a sale of the home, with equal division of the proceeds after the arrears are paid, and an increase in plaintiff's alimony to cover the expenses of other housing for her and the parties' child when the house is sold (see, e.g., *Caplan* v. *Caplan*, 38 A D 2d 572; *Ripp* v. *Ripp*, 38 A D 2d 65). Moreover, with the sale of the house authorized, a fund is provided by which appellant may keep his payments current and avoid the sanctions of contempt. Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur.