■ HELENE LEFRAK, Individually and as Parent and Natural Guardian of PATRICIA LEFRAK and PAUL LEFRAK, Infants, et al., Respondents, v GLORIA LEFRAK, Individually and as Administratrix C.T.A. of the Estate of HARRIS B. LEFRAK, Deceased, Appellant, et al., Respondents.—In an action *inter alia* to declare the rights of plaintiffs to the proceeds of certain policies of insurance on the life of Harris B. Lefrak, deceased, the appeal is from (1)

stated portions of an order-judgment of the Supreme Court, Nassau County, dated September 5, 1974, which, *inter alia,* granted partial summary judgment to plaintiffs and (2) an order of the same court, entered October 31, 1974, which denied appellant's motion for renewal and rehearing of the part of that order which granted plaintiffs' motion for partial summary judgment. Appeal from the order entered October 31, 1974 dismissed, without costs. An order denying reargument is not appealable *(Mazur v Mazur,* 38 AD2d 951). Order dated September 5, 1974 modified by (1) deleting from the twentieth decretal paragraph thereof the word "granted" and substituting therefor the word "denied" and (2) deleting therefrom the twenty-first and twenty-second decretal paragraphs thereof. As so modified, order affirmed, without costs. Under Federal law a veteran's right to change the beneficiary of a National Service life insurance policy is unrestricted (US Code, tit 38, § 717, subd [a]). The proceeds of such a policy are not subject to diversion from the named beneficiary either before or after receipt by the beneficiary (US Code, tit 38, § 3101, subd [a]). This court cannot impress a trust upon the proceeds of such a policy, for to do so would result in an evasion of the intent of Congress *(Wissner v Wissner,* 338 US 655; see, also, *Hoffman v United States,* 391 F2d 195; *Kimball v United States,* 197 F Supp 124, affd 304 F2d 864). Martuscello, Acting P. J., Christ, Munder and Shapiro, JJ., concur.