Evans V. Brewster, S.
In this proceeding, a former wife of the decedent, as a person interested in the decedent’s estate as a creditor, seeks to compel the executors of decedent’s estate to render and settle an account of their acts and proceedings as such fiduciaries.
The executors have denied petitioner’s status as a creditor of decedent’s estate and have affirmatively raised the issue that the provisions of a judgment of separation upon which *761 petitioner relies, contravenes the statutes of the United States and are illegal and void. Counsel have stipulated to the facts and the question of the validity of petitioner’s claim has been submitted to the court for determination (SCPA 1808, subd 5).
The parties have stipulated that during the course of the marriage between petitioner and the decedent, petitioner instituted an action for separation against her then husband in the Supreme Court, New York County, which culminated in a judgment of separation dated March 29, 1963 in favor of petitioner. The judgment of separation and the findings of fact and conclusions of law affirm that a stipulation was dictated into the record prior to the entry of judgment and the findings of fact and conclusions of law. Included in the decretal portion of the judgment as well as in the findings of fact and conclusions of law is a provision requiring the decedent to maintain in full force and effect an insurance policy in the face amount of $10,000 issued by the National Service Life in which the petitioner herein was to be named as irrevocable beneficiary during her lifetime, subject to a reversion of all rights in the policy to decedent if petitioner remarried or predeceased decedent. Attached to the stipulation of facts, is a copy of a letter from counsel for decedent to counsel for petitioner dated March 19, 1963 in which decedent’s attorney, in response to inquiry, describes the policy of life insurance, confirms that petitioner is to be designated as the irrevocable beneficiary and that the decedent had been instructed to obtain the requisite forms to implement the change of beneficiary to petitioner.
Subsequently, petitioner and decedent were divorced and petitioner has never remarried. The decedent died on March 18, 1975 leaving a will which was admitted to probate in this court on July 10, 1975 in which his surviving spouse, Barbara, is the sole beneficiary of his estate. The surviving spouse is also a coexecutor of decedent’s estate with two others.
At the time of decedent’s death, his surviving spouse was the designated beneficiary of the $10,000 National Service Life Insurance policy and the proceeds were paid to her. The amount received by the widow was $9,971.20 being the face amount of the policy less a principal indebtedness of $28.80.
On October 28, 1975, petitioner served a notice of claim against decedent’s estate for the face amount of the National Service Life Insurance policy. On December 26, 1975, the executors formally rejected the claim. The notice of claim was *762 predicated upon the provision of the judgment of separation wherein the decedent was required to designate the petitioner herein as the irrevocable beneficiary of the $10,000 National Service Life Insurance policy.
The executors have rejected the claim "on the grounds that the said claim arises pursuant to the provisions of the Judgment of Separation dated the 29th day of March, 1963 referred to in the said Notice of Claim and which provisions of the Separation Agreement as to the insurance policy referenced therein contravene the statutes of the United States and are illegal and void.” The Federal statutes upon which the executors rely are subdivision (a) of section 717 and subdivision (a) of section 3101 of title 38 of the United States Code. Subdivision (a) of section 717, which applies to insurance maturing on or after August 1, 1946, grants to the insured the right to designate the beneficiary of such insurance and the right to change the beneficiary without the consent of the beneficiary. Subdivision (a) of section 3101 restricts the assignability of the insurance benefits and exempts such payments from taxation and claim of creditors with the further provision that the payments shall not be liable to attachment, levy or seizure either before or after receipt by the beneficiary.
These statutes clearly preclude one who is not designated as the beneficiary of a National Service Life Insurance policy at the time of the insured’s death, from recovering the proceeds of such policy in a suit initiated directly against the United States Government or against the designated beneficiary, including any attempt to impress a trust upon the proceeds in the hands of the beneficiary. The cases have so held (Wissner v Wissner, 338 US 655; Berk v United States, 294 F Supp 578; Hoffman v United States, 391 F2d 195; Lefrak v Lefrak, 47 AD2d 912).
The claimant petitioner does not attempt to distinguish these decisions and does not seek to recover the policy proceeds from the named beneficiary or against the United States Government. The claim is filed against decedent’s estate and it is from the assets of decedent’s estate that payment of the claim is sought.
The executors rely heavily upon the language of the opinion in Wissner v Wissner (supra, p 659) in which Mr. Justice Clark stated: "Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the soldier’s choice and frustrates the deliber *763 ate purpose of Congress.” (Emphasis supplied.) The weight to be given to the words "or an equivalent amount” and their meaning, must be considered in the context in which stated and the particular facts presented to the court.
The claim involved in Wissner v Wissner (supra) was asserted by the widow of an insured under a National Service Life Insurance policy in which the insured had designated his mother as principal beneficiary and his father as contingent beneficiary. Both the insured and the widow were domiciled in California. Premiums upon the policy during the lifetime of the insured were paid from the insured’s Army pay. After his death in 1945, the proceeds of the policy were paid to his mother in monthly installments. The insured’s widow brought suit in a California court, alleging that under the California community property law, she was entitled to one half of the proceeds of the policy. The lower court agreed and awarded the widow one half of the payments already received and directed payment to her of one half of all future payments upon receipt thereof. The judgment of the lower court was reversed by the United States Supreme Court and the widow was denied recovery.
The decision of the court in Wissner v Wissner (338 US 655, supra) should be examined with the particular facts of the case in mind. In Wissner, the widow relied upon the theory that community property funds were applied to the payment of the premiums during decedent’s lifetime and as a consequence, she was the owner of one half of the proceeds of the policy. The facts demonstrate an attempt to recover the policy proceeds by one completely lacking standing to do so. The widow had no rights under the policy as a named beneficiary and acquired none through the California community property law. Clearly, under these circumstances, to permit such a recovery "from the very money received from the Government or an equivalent amount” would render the soldier’s choice of a beneficiary a nullity and "frustrate the deliberate purpose of Congress”. No agreement existed between the insured and his wife to name the wife beneficiary of the National Service Life Insurance policy and recovery was sought from the named beneficiary of the policy of insurance.
The intent of Congress is found in the legislation enacted. It is of note that with respect to National Service Life Insurance maturing before August 1, 1946, such insurance was payable "only to a widow, widower, child, parent, brother or sister of *764 the insured.” (US Code, tit 38, § 716, subd [b].) Subsequently, the insured’s right to designate a beneficiary was enlarged with respect to insurance maturing on and after August 1, 1946. (US Code, tit 38, § 717, subd [a].) From the language of these statutes, the initial intent of Congress to protect the widow, children, and family of the serviceman is apparent. Subsequently following the end of World War II, the intent of Congress was altered to enable the insured to designate a beneficiary without restriction and to change the beneficiary without the consent of the beneficiary. The congressional intent to provide a source of funds for the insured to use, without limitation, to benefit his loved ones is unquestioned and clear — but such intent is satisfied when the proceeds are paid to the beneficiary.
It seems to this court that the language upon which the executors rely in asserting Wissner v Wissner (supra) as authority for denying the claim herein is readily distinguishable. The words "nullifies the soldier’s choice and frustrates the deliberate purpose of Congress” in the view of this court, relate only to the right of the insured to designate the beneficiary of the policy. It is not language which is subject to interpretation to include a claim against the decedent’s estate grounded upon an agreement between the deceased and a former wife.
In light of the facts before the court in Wissner v Wissner (338 US 655, 659, supra) where claimant endeavored to recover a portion of the proceeds of the National Service Life Insurance policy directly from the beneficiary, can we assume that the court in declaring, "whether directed at the very money received from the Government or an equivalent amount” (emphasis added), intended to bar all actions of any kind against the estate of the decedent upon decedent’s agreement to utilize the National Service Life Insurance policy as consideration for an agreement between the decedent and his wife? The court thinks not. The question of obtaining an "equivalent amount” from anyone other than the beneficiary was not before the court and in the judgment of this court, that question was not reached nor would there have been any reason for the court to extend its decision beyond the facts of the case.
The executors seek to persuade the court that, as it pertains to the National Service Life Insurance policy, the stipulation and judgment of separation are absolutely void for want of *765 jurisdiction over the subject matter and therefore, no rights can accrue to anyone thereunder and no duties can be imposed upon anyone in respect thereof. It is difficult to conceive that the intent of Congress was to provide a vehicle by which a husband could offer the protection of a National Service Life Insurance policy as consideration for an agreement of separation with his wife in which he undertook to meet his obligations of support and then because of a. shield surrounding the policy, leave the wife without recourse to enforcing the support obligation of the husband. Query: If the stipulation and judgment of separation as it pertains to the National Service Life Insurance policy are absolutely void for want of jurisdiction over the subject matter, could not this many times married decedent have utilized the National Service Life Insurance policy to persuade each of his wives to accept the policy as a guarantee for support? Such a result would be harsh and unfair and would shock the conscience of this court.
The decedent, as part of the support provision to which he agreed in the stipulation and judgment of separation, undertook to provide the petitioner with a $10,000 life insurance policy which would lend a degree of protection to the petitioner against the cessation of support payments upon decedent’s death. In the letter from decedent’s attorney to petitioner’s attorney, it is stated "In response to your inquiry, please be advised that the policy is as follows:” (emphasis added). The petitioner accepted decedent’s assurance that the sum of $10,000 would be received by her at the time of decedent’s death as part of the consideration for her consenting to the stipulation. It is reasonable to conclude that it was the sum of $10,000, payable upon the death of the decedent, which was the consideration, not the National Service Life Insurance policy per se. The National Service Life Insurance policy was merely the conduit. The intent of the parties is clearly visible.
This court in rendering its decision, attributes good faith to the decedent and petitioner herein when the terms of the stipulation incorporating the obligations of the decedent to his then wife were negotiated. Part of the consideration for the petitioner participating in the stipulation was the protection of a $10,000 life insurance policy upon the life of her husband in which she was named as irrevocable beneficiary. Nothing contained in the stipulated statement of facts suggests or implies that the decedent or his attorney was aware that the decedent’s agreement to designate the petitioner as irrevoca *766 ble beneficiary of the National Service Life Insurance policy was not binding upon him and could be repudiated by a simple change of beneficiary. With such knowledge, in advance of the stipulation, the decedent’s agreement in the stipulation to name his wife as irrevocable beneficiary of the National Service Life Insurance policy would have constituted a fraud upon the petitioner.
The court must conclude that both parties believed that valid consideration was being given and received. Without such consideration the judgment of separation might never have been entered upon stipulation. The parties were mistaken as to the law. In New York, "When relief against a mistake is sought in an action * * * relief shall not be denied merely because the mistake is one of law rather than one of fact.” (CPLR 3005.)
"[I]t has been said that there is no established rule forbidding the giving of relief to one injured by reason of a mistake of law, but that whenever it is clearly shown that parties in their dealings with other have acted under a common mistake of law and the party injured thereby can be relieved without doing injustice to others, equity will afford him redress.” (Reggio v Warren, 207 Mass 525, 534.)
The act of the decedent in changing the beneficiary of the policy from his former wife to his widow constituted a fraud upon his former wife which cannot be countenanced by a court of equity. Equity requires that the former wife be protected by the restoration of the protection which the decedent agreed to provide and that the intent of the parties be enforced. The courts never say that one who makes an agreement, fills the measure of his duty by less than full performance.
In a recent decision, Lefrak v Lefrak (NYLJ, Jan. 20, 1976, p 11, col 3), the court dealt with the same question as presented here. (That decision was a further determination made in the same case, in Lefrak v Lefrak, 47 AD2d 912.) In allowing the claim against the decedent’s estate which arose out of a separation agreement, the court stated (p 11, col 4): "In the absence of a clear showing to the contrary, this court will not assume a congressional purpose which would result in allowing a person or his estate to completely avoid an obligation validly contracted for during his lifetime. A contrary holding would have the effect of not only insulating the proceeds of the policy, but extending such insulation to the *767 assets of the estate.” This court agrees. If Congress intended to infringe upon a common-law right to seek recovery from the assets of a decedent’s estate for satisfaction of an obligation which one incurred during his lifetime, the statute so declaring the Congressional intent should explicitly state the intended prohibition.
The source from which petitioner seeks recovery is not the moneys received from the Government by the widow nor is the source other assets of the widow. There is no substitution of the named beneficiary of the National Service Life Insurance policy to thwart the intent of Congress. The obligation which the decedent freely assumed in his lifetime and which was reduced to judgment, will be satisfied — but only to the extent that there are assets sufficient to pay claims against decedent’s estate. The fact that the beneficiary of the insurance is the sole beneficiary of decedent’s estate is of no consequence. The assets of the estate must first be made available for satisfaction of just claims before any beneficial interest may be exerted (cf. Blood v Kane, 130 NY 514).
To the extent that the decision of this court is at variance with decisions of sister States (e.g., Matter of Pechman, 532 P2d 385 [Col]; Harris v Harris, 94 Idaho 358), this court respectfully disagrees.
The court determines that the claim of the petitioner in the amount of $10,000 is valid and is allowed.