■ RICHARD FLETCHER, Respondent, v PATRICIA FLETCHER, Appellant.— In an action to impress a constructive trust upon the former marital residence, defendant appeals from an order of the Supreme Court, Westchester County, dated October 4, 1976, which treated her motion to dismiss the complaint as one for summary judgment and denied the motion. Order affirmed, without costs or disbursements. Plaintiff seeks to impress a constructive trust upon one half of the proceeds of the sale of the former marital residence on the ground that the conveyance to defendant in 1971

by the tenants by the entirety was made on defendant's promise that upon the sale of the residence she would give plaintiff one half of the net proceeds. Defendant moved to dismiss the action on the grounds that (1) there is a defense founded on documentary evidence (see CPLR 3211, subd [a], par 1) and (2) the action is barred by section 176 of the Domestic Relations Law. A motion to dismiss pursuant to CPLR 3211 (subd [a]) may not be treated as one for summary judgment without adequate notice to the parties (CPLR 3211, subd [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633). The record reveals no such notice. The documentary evidence is not sufficient to disprove plaintiff's claim, if the motion is not converted to one for summary judgment, inasmuch as, aside from the deed itself, the documents consist of affidavits. Affidavits may not themselves stand as proof of the facts in dispute. Section 176 of the Domestic Relations Law does not bar this action. It has no application to the circumstances presented here. In fact, it is no longer a viable statute and should be repealed by the Legislature. The history of section 176 reveals that it relates to the common-law estates of curtesy and dower (see 2 RS 146, § 46 [part 2, ch 8, tit 1]; *Renwick v Renwick,* 10 Paige Ch 420; 424-425). In 1930 these common-law estates were radically altered; curtesy was abolished (Real Property Law, § 189) and dower was superseded by statutes prescribing a surviving spouse's distributive rights and right of election to take against the will of the deceased spouse (see Decedent Estate Law, §§ 18, 83 [now EPTL 4-1.1, 5-1.1]). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.