■ LOUIS DI BELLA, Appellant, v MARIA L. DI BELLA, Also Known as MARIA L. RIVERA, Respondent.—Order, Supreme Court, New York County, entered September 1, 1977, granting defendant's motion to dismiss the complaint on the basis of section 176 of the Domestic Relations Law and denying plaintiff's motion for a temporary injunction as academic, unanimously affirmed, without costs and disbursements. In 1975, the parties were divorced following an action commenced by the wife in which plaintiff

herein defaulted. The divorce decree did not determine any property rights and no property agreement was entered into. In 1977, plaintiff commenced this action seeking one half of a certain bank account which he claims he contributed to during the marriage, and which he alleges was to be transferred to the names of both parties. Section 176 of the Domestic Relations Law provides, in pertinent part: "If, in an action for divorce *brought by the wife,* when final judgment is rendered dissolving the marriage, the *plaintiff* is the owner of * * * *or has in her possession or under her control any personal property* * * * which was left with her by the defendant or acquired by her own industry * * * *the defendant shall not have any interest therein,* absolute or contingent, before or after her death" (emphasis supplied). "This statute does not unconstitutionally deprive the husband of his property without due process of law, since during the pendency of the divorce action and before final judgment, the husband may take possession of any property to which he claims title, and when he fails to do so, he is deemed to have acquiesced in the operation of the statute and to have voluntarily forfeited all claims to it" (1 Foster-Freed, Law and the Family, [1st ed], § 6:21, p 277). Section 176 of the Domestic Relations Law is derived from section 1156 of the Civil Practice Act. When the Civil Practice Act was repealed and supplanted by the CPLR in 1962, the Legislature, notwithstanding the radical alteration in 1930 of the common-law estate of curtesy and dower referred to in *Fletcher v Fletcher* (56 AD2d 589), saw fit to re-enact section 1156 of the Civil Practice Act into the present section 176 of the Domestic Relations Law (L 1962, ch 313). In so doing, the Legislature reaffirmed the validity of present section 176. Accordingly, we do not adopt the dictum of the Second Department in *Fletcher v Fletcher (supra,* p 590), to the effect that section 176 of the Domestic Relations Law "is no longer a viable statute." However, we join in the wish expressed in *Fletcher* that this statute be reviewed by the State Legislature. Concur—Lupiano, J. P., Birns, Evans and Sandler, JJ.