■ ELEANOR C. KELLER et al., Appellants, v JAMES C. BARRY, Respondent.—In an action to recover damages, *inter alia*, for legal malpractice, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated November 6, 1978, which granted defendant's motion to dismiss the complaint for failure to state a cause of action. Order reversed, with $50 costs and disbursements, motion to dismiss denied and complaint reinstated. The complaint is sufficient on its face. The allegations contained in the affirmation submitted on behalf of the defendant's motion to dismiss could not be considered unless the court treated the motion as one for summary judgment (see *Rovello v Orofino Realty Co.*, 40 NY2d 633). Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.

■ LILA LISH, Respondent, v ABBOTT LISH, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Nassau County, entered May 4, 1979, which denied his motion for leave to amend his bill of particulars and granted plaintiff's motion for summary judgment dismissing his counterclaim for a constructive trust. Order reversed, without costs or disbursements, plaintiff's motion for summary judgment denied and defendant's motion for leave to amend his bill of particulars granted, on condition that defendant's attorney pay the sum of $250 to plaintiff within 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof; in the event that such condition is not complied with, then order affirmed with $50 costs and disbursements. Special Term improvidently exercised its discretion in denying defendant's motion for leave to amend his bill of particulars. There was no showing that the plaintiff would be prejudiced as a result of the defendant's proposed amendment, which asserted the same cause of action and theory of liability as the defendant's original bill of particulars. However, in granting defendant's motion to amend in the interest of justice, this court does not countenance his counsel's delay in so moving, and, for that reason, we have directed him to pay plaintiff $250. Upon amendment of defendant's bill of particulars, issues of fact are presented which require a trial. Therefore, Special Term's granting of plaintiff's motion for summary judgment dismissing defendant's counterclaim for a constructive trust must be reversed. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.