■ In the Matter of ROBERT R. KAUFMAN.—Motion for reinstatement as an attorney and counselor at law in the State of New York denied. Concur— Murphy, P. J., Birns, Sullivan and Lupiano, JJ.

SECOND DEPARTMENT, MARCH, 1980

(March 3, 1980)

■ FRANK ACESTE et al., Appellants, v CHARLES WIEBUSCH et al., Respondents.—In an action for specific performance of an agreement to purchase real property, plaintiffs appeal from an order of the Supreme Court, Queens County, dated September 6, 1979, which, *inter alia,* denied their motion for a temporary restraining order and preliminary injunction and granted defendants' cross motion for summary judgment dismissing the complaint. Order affirmed, with $50 costs and disbursements. In order to satisfy the Statute of Frauds (General Obligations Law, § 5-703, subd 2), a memorandum must state the entire contract with reasonable certainty, so that the substance thereof will appear from the writing alone. It must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement, including price *(Birnhak v Vaccaro,* 47 AD2d 915; *Israelson v Bradley,* 139 NYS2d 107, affd 285 App Div 971). In our view, the price term "$89,000 net" is not a sufficiently clear or certain expression of price to satisfy the Statute of Frauds where there is nothing further in the memorandum to explain its meaning. Accordingly, no question of fact exists and summary judgment was properly granted. Mangano, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.

■ HILDA ARONOFF et al., Appellants, v JOHN ALBANESE et al., Respondents—In a stockholder's derivative action, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County, dated November 20, 1978, which treated defendants' motion to dismiss the complaint as one for summary judgment, granted summary judgment and dismissed the complaint and (2) a further order of the same court, dated February 9, 1979, which denied their motion for reargument. Appeal from the order dated February 9, 1979 dismissed, without costs or disbursements. An order denying reargument is not appealable. (See *Mazur v Mazur,* 38 AD2d 951; *Lefrak v Lefrak,* 47 AD2d 912.) Order dated November 20, 1978 reversed, on the law, without costs or disbursements, and motion denied. In our view, there is nothing in the record here which would provide the adequate notice requisite to converting the motion to dismiss to one for summary judgment. "A motion to dismiss pursuant to CPLR 3211 (subd [a]) may not be treated as one for summary judgment without adequate notice to the parties (CPLR 3211, subd [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633). The record reveals no such notice" *(Fletcher v Fletcher,* 56 AD2d 589, 590; see, also, *Mobil Oil Corp. v Town of North Hempstead,* 59 AD2d 551; *Keller v Barry,* 73 AD2d 611). Hopkins, J. P., Damiani, Rabin and O'Connor, JJ., concur.