OPINION OF THE COURT
Leo F. Hayes, J.
The defendant brings this motion for summary judgment asking that the suit brought by her former husband for conversion of certain personal property be determined in her behalf.
The parties separated in May of 1978. In November of that year they executed a separation agreement which provided in pertinent part: “property division b. The parties shall agree to a fair and equitable distribution of the contents of the marital residence between themselves and the paramount consideration in establishing the division thereof shall be the best interests of the child.”
On January 29,1979, the parties obtained a judgment of dual divorce incorporating the terms of the separation agreement. In early 1980 the plaintiff demanded that the property in question be apportioned.
The defendant intimates that the passage of time between the divorce and plaintiff’s demand for a property distribution compromises his position. However, the court *1008 notes that in another section of the separation agreement the parties agreed: “general provisions 18. That the failure of either of the parties to insist in any one or more instances upon a strict performance of any of the covenants or provisions of this Agreement shall not be construed as a waiver or relinquishment for the future of such covenants or provisions, but that the same shall continue and remain in full force and effect.”
The passage of time involved here does not justify a forfeiture of plaintiff’s rights.
The defendant says that plaintiff’s suit is barred by section 176 of the Domestic Relations Law which provides that property left in the possession of a plaintiff wife becomes hers absolutely when a final judgment of divorce is rendered. Particular emphasis is placed on Di Bella v Di Bella (61 AD2d 956). In that case, “The divorce decree did not determine any property rights and no property agreement was entered into.” (Di Bella, supra, at p 957.) That is the key distinction between that case and this, for as the court observed in Di Bella the statute deems a husband to have voluntarily forfeited his rights to such property where he makes no attempt to assert an interest therein. Here, the plaintiff did take steps to assert his interest in the property left behind in the marital residence. These steps ultimately lead to the express provision in the agree- ” ment regarding such property. The court finds this section of the Domestic Relations Law does not under these circumstances bar plaintiff’s claim.
The defendant seems to think that it is significant that the agreement was executed after plaintiff had left the marital residence. It is significant because the agreement shows that in leaving he did not intend to abandon all rights to the property left behind.
Accordingly, defendant’s motion for summary judgment is denied.