OPINION OF THE COURT
Sidney Leviss, J.
This is a motion by defendant (1) to dismiss the first, second and third causes of action on the grounds of res judicata, (2) for summary judgment dismissing the first, second, fourth, fifth and sixth causes of action, and (3) for an attorney’s fee.
This action follows the aftermath of a dual divorce granted November 28,1978. The first and second causes of action are based upon allegations of conversion by the defendant of furniture and other personal property belonging exclusively to the plaintiff which were left in the marital premises over which defendant was awarded exclusive possession. The third cause of action is based on the third decretal paragraph of the judgment of divorce directing the parties to execute documents to enable Emigrant Savings Bank to issue a draft for one half of the joint bank account to each party. The fourth and fifth causes of action are based on the alleged conversion by defendant of half of the parties’ 1977 joint income tax refund and to require *584 defendant to pay to plaintiff or the Internal Revenue Service such additional tax liability as has been or may be levied for the same period based on allegations of defendant’s concealment of interest income. Finally, the sixth cause of action is based on a judgment obtained by Orbach’s Department Store against plaintiff following the divorce.
Plaintiff, by posttrial motion, sought to have the personalty and one half of the 1977 tax refund turned over to him. That motion was denied on the ground that those items were not disputed at the time of trial and could not be raised for the first time by a posttrial motion. The decision on the posttrial motion, however, does not constitute law of the case and neither it, nor the judgment of divorce, bars the interposition of the first three causes of action (see Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, § 234, p 11, 1980-1981 Pocket Part; see Baum v Baum, 72 AD2d 781). The third cause of action, however, is essentially an action on a judgment which, under the circumstances, is impermissible and, thus, is dismissed (cf. CPLR 5014; see, also, 5 Weinstein-Korn-Miller, NY Civ Prac, par 5014.01). Accordingly, the first branch of the motion is granted to the extent of dismissing the third cause of action and in all other respects is denied.
The second branch of the motion for summary judgment presents a more difficult problem. Defendant relies on section 176 of the Domestic Relations Law and Di Bella v Di Bella (61 AD2d 956, affd 47 NY2d 828). The section provides in pertinent part: “If, in an action for divorce brought by the wife, when final judgment is rendered dissolving the marriage, the plaintiff * * * has in her possession or under her control any personal property * * * which was left with her by the defendant * * * the defendant shall not have any interest therein, absolute or contingent, before or after her death”. Di Bella, decided by the Appellate Division, First Department, refused to adopt the “dictum” of the Second Department in Fletcher v Fletcher (56 AD2d 589, 590, mot for lv to app dsmd 43 NY2d 746) to the effect that section 176 of the Domestic Relations Law “is no longer a viable statute”. While the *585 Court of Appeals affirmed on the memorandum of the Appellate Division, which also held that the statute did not violate due process, the court did not comment on the challenge to the statute’s constitutionality on equal protection grounds that issue having for the first time been raised in that forum. The instant plaintiff does raise that issue in opposition here.
The statute applies only in situations in which the wife is plaintiff and inasmuch as the instant defendant counterclaimed for divorce which was granted, the statute would be applicable. Gender-based classifications to pass constitutional muster must serve legitimate governmental objectives and be substantially related to the achievement of those objectives (Childs v Childs, 69 AD2d 406, 415). The court in Fletcher (supra, p 590) stated: “The history of section 176 reveals that it relates to the common-law estates of curtesy and dower *** In 1930 these common-law estates were radically altered; curtesy was abolished * * * and dower was superseded by statutes prescribing a surviving spouse’s distributive rights and right of election”. An excellent history of section 176 of the Domestic Relations Law is contained in Terwilliger v Terwilliger (103 Misc 2d 371). Thus, while the statute may still be “viable” it does not appear to serve a legitimate governmental objective. Nor can the constitutionality of the section be preserved by construing it “consistent with the traditional rule that where a statute has been found to violate the equal protection clause, courts will traditionally read into it the improperly excluded class” (Childs v Childs, supra, p 419; but see Greschler v Greschler, 71 AD2d 322). Such a neutral-gender construction in this case would have the effect of resurrecting a statute dead more than 50 years (see Greschler v Greschler, supra; Terwilliger v Terwilliger, supra). This the court will not do. Further, such a result will not create a hardship.
The court is of the opinion, therefore, that section 176 of the Domestic Relations Law is unconstitutional and, thus, plaintiff is entitled to maintain the instant action. Were the court not to so hold, by its very terms, the section would appear not to apply to the fourth, fifth and sixth causes of action and, thus, the motion would nonetheless have had to *586 have been denied as to those causes of action. Further, the court notes that the motion for summary judgment is supported by an attorney’s affidavit as is the opposition and neither is sufficient to warrant the granting or denial of the relief sought on the merits. Accordingly, the second branch of the motion is denied. The third branch of the motion is also denied.