■ SHALOM TAMIR, Appellant, v DAVID GREENBERG et al., Respondents.—In an action for specific performance of an alleged contract for the sale of real property or to recover damages for breach of that contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Goldstein, J.), dated April 26, 1985, which granted the defendants' motion to dismiss the complaint and thereupon canceled a notice of pendency.

Order and judgment affirmed, with costs.

In November 1984 the defendants David and Barbara Greenberg advertised for the sale of residential property which they owned as tenants by the entirety. On November 25, 1984, the plaintiff visited the property and expressed an interest in purchasing it. Later that day or on the following day, Mr. Greenberg advised the plaintiff that he had previously signed a binder for the property. Mr. Greenberg claims that he informed the plaintiff that a contract for the sale of such premises would only be entered into if he could "get out of the first binder we had already accepted on the property" and the plaintiff agreed.

The plaintiff, on his part, asserts that he was reluctant to enter into a binder with Mr. Greenberg because of the outstanding first binder but that Mr. Greenberg assured him that he need not be concerned with the prior binder, and that he was in a position to annul and void the prior binder and sell the premises to the plaintiff.

On November 26, 1984, the plaintiff gave Mr. Greenberg a deposit of $1,000. As evidence of the transaction Mr. Greenberg drafted the following document, which Mrs. Greenberg then copied to make it more legible:

"11/26/84

"I, David Greenberg received a deposit from Shalom Tamir in the amount of $1,000.00 for the purchase of my house, 223-58 56 Road, Bayside, N.Y. 11364. The total purchase price is $213,000.00.

"I am leaving all carpeting, window treatments, and all lighting fixtures, except for the dining room fixture and the upstairs center hall globe fixture. The pool, deck, and shed are also in the contract, plus 2 refrigerators, a washer, dryer, dishwasher, and all kitchen appliances.

"A formal contract will be drawn up by attorney's *[sic]* for both parties within 10 days.

>"Seller /s/ David Greenberg
>"Buyer /s/ Shalom Tamir".

On or about December 8, 1984, the defendants returned the plaintiff's deposit since a formal contract had not been entered into between the parties within the time specified in the foregoing document.

The plaintiff then instituted this action for specific performance or, in the alternative, to recover damages for breach of contract. The defendants moved to dismiss the complaint on the grounds, *inter alia,* that it failed to state a cause of action and that the action is barred by the Statute of Frauds. The defendants argued that the memorandum was merely "an agreement to agree" and, in any event, was unenforceable since Mrs. Greenberg's signature was lacking.

Special Term granted the defendants' motion on the ground that "the failure of the joint owner Barbara Greenberg to sign the document renders the alleged contract to sell the home of the defendants David and Barbara Greenberg invalid and unenforceable".

We affirm but for the reason that the action is barred by the Statute of Frauds.

Under the Statute of Frauds (General Obligations Law § 5-703), a memorandum allegedly evidencing a contract must state the entire agreement with such certainty that the substance thereof will appear from the writing alone. It must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement *(Aceste v Wiebusch,* 74 AD2d 810). The memorandum in question lacks a number of essential terms. Of course, the law may imply some of them. But, it is clear from the documents contained in the record that the parties had agreed orally that no binding contract would exist unless and until the first binder was avoided. They may disagree as to whether Mr. Greenberg said that he could accomplish a cancellation easily but it cannot be denied that they did agree orally that any contract between them was subject to the cancellation of the prior binder. Manifestly, that was a material term of their

agreement and the memorandum the parties signed is silent with respect to that material term. Our dissenting colleague refers to the contention of the plaintiff that at the time David Greenberg and he signed the document in issue, Mr. Greenberg discussed the matter with his lawyer who said "that the agreement was a solid contract and that it is more than sufficient and that there is no need for a lawyer". Quite apart from the fact that such representation by Mr. Greenberg cannot have the effect in making a noncontract into a contract, the statement has no bearing on the fact that the record establishes that the parties had orally agreed that the cancellation of the prior binder was a "must", a condition precedent, to the formation of a binding contract. That being so, its exclusion from the memorandum is fatal to plaintiff's case. Moreover, the memorandum specifically provides for a formal contract to be drawn up by the attorneys for the respective parties within 10 days. Such a provision coupled with the fact that the material term mentioned above, i.e., that any agreement was subject to Mr. Greenberg's avoiding the first binder, demonstrates that the parties did not intend the memorandum to be evidence of a complete or final agreement *(see, Sheehan v Culotta,* 99 AD2d 544). As there was no contract and only an "agreement to agree", there was no right to specific performance or damages. Gibbons, Niehoff and Kunzeman, JJ., concur.

Lazer, J. P., dissents and votes to reverse the order and judgment appealed from and to deny the defendants' motion, with the following memorandum: The motion to dismiss pursuant to CPLR 3211 presents a factual question which goes to the heart of the Statute of Frauds issue which Special Term and my colleagues believe to be dispositional. In my view, the dispute precludes dismissal of the complaint and therefore I dissent.

The subject of the action is a house in Bayside, Queens, which the defendants own and the plaintiff claims they agreed to sell to him. The plaintiff has brought an action for specific performance or for damages and the defendants have moved to dismiss, asserting the Statute of Frauds as a defense. The memorandum upon which the plaintiff relies, handwritten by the defendant Barbara Greenberg, and signed by her husband, the defendant David Greenberg, clearly sets forth the parties, the subject matter of the transaction and the price. Unless the memorandum fails to include an essential term the parties agreed upon, it is sufficient to satisfy the Statute of Frauds *(see, Aceste v Wiebusch,* 74 AD2d 810; *Birnhak v Vaccaro,* 47

AD2d 915). The fact that the memorandum also calls for the execution of a more formal contract does not render it insufficient (see, Tymon v Linoki, 16 NY2d 293; Read v Henzel, 67 AD2d 186, 189).

Here, however, the parties disagree as to whether there was an additional, essential term of the agreement. According to David Greenberg, he told the plaintiff that he had already accepted a binder from another party and that any agreement between the Greenbergs and the plaintiff would have to be subject to this prior binder. The plaintiff and a friend, who was also present, do not recall the transaction in the same way. As they remember it, after the document was drawn up, David Greenberg signed it and went into the kitchen to use the telephone. When he emerged he announced that he had discussed the matter with his lawyer who said "that the agreement was a solid contract and that it is more than sufficient and that there is no need for a lawyer". Since the document makes no reference to the prior binder which the majority agrees would be an essential term of the contract, the statement that the contract is "solid" necessarily implies that the existence of the prior binder was not a part of the agreement. In any event, these conflicting attestations of what occurred and what was agreed upon make it apparent that there is a factual dispute and I see no basis for my colleagues' assertion that "the record establishes that the parties had orally agreed that the cancellation of the prior binder was a 'must', a condition precedent, to the formation of a binding contract". As resolution of the Statute of Frauds question depends upon whether the disposition of the prior binder was indeed part of the agreement, the motion to dismiss could not properly have been granted without at least a hearing to determine this issue of fact (see, Rohrwasser v Al & Lou Constr. Co., 82 AD2d 1008). Moreover, given the fact that these issues have been raised in a CPLR 3211 motion, prior to the joinder of issue, reliance on the affidavit of the defendant David Greenberg to defeat the complaint is not appropriate (see, Rovello v Orofino Realty Co., 40 NY2d 633, 635-636).

The prior binder does not present, however, the only factual issue is this case. The document here, although handwritten by Barbara Greenberg, is not signed by her. On the facts alleged by the plaintiff there may be an estoppel issue (see, Farr v Newman, 18 AD2d 54, affd 14 NY2d 183) which cannot be resolved short of trial.