■ GWENDOLYN C. SMITH, Appellant, v PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA et al., Respondents.—In an action to recover the proceeds of an insurance policy, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Marbach, J.), dated January 7, 1988, as granted the defendants' cross motion for summary judgment dismissing the complaint, and to vacate a temporary restraining order against the distribution of the policy proceeds to the defendants Delores and John Smith.

Ordered that the order is affirmed insofar as appeal from, with one bill of costs.

The decedent Melvin Smith was insured under the Servicemen's Group Life Insurance Act (38 USC § 770 [hereinafter the SGLIA]). The defendants John and Delores Smith were the designated beneficiaries pursuant to this policy. The defendant Prudential Life Insurance Company of America is the insurer. The plaintiff and the decedent were married six days prior to his death. The plaintiff alleges, despite the fact that she is not the designated beneficiary, that principles of equity should be invoked, entitling her to collect the proceeds under the policy. The plaintiff claims that it was the decedent's intention to make her the designated beneficiary pursuant to the policy. The Supreme Court dismissed the complaint, finding no merit to the plaintiff's contentions. We agree.

It is well established that the proceeds of insurance issued pursuant to the SGLIA are insulated from attack by any claimant other than the designated beneficiary *(Prudential*

*Ins. Co. v Parker,* 840 F2d 6). The designated beneficiary will prevail unless it is demonstrated that a properly executed change of beneficiary form has been submitted *(see, Lefrak v Lefrak,* 47 AD2d 912; *Stribling v United States,* 419 F2d 1350). At bar, the decedent did not execute the proper form, and, accordingly, the plaintiff has no basis for recovery. Further, the plaintiff's contention that equitable principles should be invoked is not persuasive *(see, Ridgway v Ridgway,* 454 US 46). Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.