■ PAUL J. DELFINO et al., Appellants, v ESTATE OF HERBERT S. PARKINSON, Respondent.—In an action, inter alia, for specific performance of an option contract for the sale of real property, and to recover damages, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), entered March 16, 1989, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Dutchess County, for an inquest as to damages and for entry of the appropriate judgment granting the plaintiffs specific performance.

On January 24, 1986, Herbert S. Parkinson, now deceased,

contracted to sell to Paul M. Delfino certain residential premises (hereinafter the residential premises) in Rhinebeck, New York. On the same date, Paul M. Delfino, his father Paul J. Delfino, and the latter's wife, Matilda Delfino, entered into an option agreement to purchase from Parkinson an adjoining parcel upon which the latter owned and operated a nursery and greenhouse (hereinafter the nursery premises). The contract for the sale of the residential premises provided that it was "contingent upon the seller granting to the purchaser an exclusive option to purchase adjoining parcel belonging to the seller in accordance with option agreement to be executed by the respective parties and attached hereto and made a part hereof". The option agreement provided that "[i]f this option is exercised * * * the optioner [sic] and optionee will, respectively as seller and buyer, perform the obligations stated in the contract of sale initialed by both parties annexed to and made a part hereof as exhibit A". Paul M. Delfino exercised his option on September 16, 1987. Parkinson's estate, however, contends that since "Exhibit A" was never annexed to the option agreement, the agreement was invalid pursuant to the Statute of Frauds.

"Under the Statute of Frauds (General Obligations Law § 5-703), a memorandum allegedly evidencing a contract must state the entire agreement with such certainty that the substance thereof will appear from the writing alone. It must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement (*Aceste v Wiebusch,* 74 AD2d 810)" (*Tamir v Greenberg,* 119 AD2d 665, 666). In the case at bar, the price, parties, and a description of the nursery premises appear in the option agreement. However, "Exhibit A" was not annexed to the contract. Thus, all of the essential terms were not included therein and the option agreement failed to meet the requirements of the Statute of Frauds.

The plaintiffs, however, are still entitled to summary judgment because their part performance took the option agreement out of the Statute of Frauds. "The doctrine of part performance may only be invoked [to remove the alleged option from the operation of the Statute of Frauds] only if [the plaintiffs'] actions can be characterized as 'unequivocally referable' to the agreement alleged" (*Anostario v Vicinanzo,* 59 NY2d 662, 664). The plaintiffs' actions must have been " 'unintelligible or at least extraordinary,' explainable only with reference to the oral agreement (*Burns v McCormick,* 233

NY 230, 232; *Cooper v Schube,* 86 AD2d 62, affd on opn below 57 NY2d 1016)" *(Anostario v Vicinanzo, supra,* at 664).

The holding of the Supreme Court that "[s]ince the option agreement does not mention a conveyance of [the residence premises, Paul M. Delfino's] claim that this conveyance was in partial performance of the option agreement must be rejected" was a misapplication of the standard enunciated in *Anostario v Vicinanzo (supra).* The contract for the sale of the residence premises was contingent upon the granting of an exclusive option to Paul M. Delfino for the purchase of the nursery premises. On January 26, 1986, title closed and the purchase price of $105,000 was paid by Paul M. Delfino for the residence premises. Since the option was to be "executed by the * * * parties and attached [to the contract for the sale of the residence premises]" and made a part "thereof" it is clear that Paul M. Delfino's act of closing on those premises constituted part performance which was "unequivocally referable" to the option agreement. Thus, since the option agreement set forth the parties to the option agreement, and the purchase price, and provided an adequate description of the nursery premises, it was taken out of the Statute of Frauds and was valid despite the absence of "Exhibit A" *(see, Tamir v Greenberg, supra,* at 666).

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.