■ RAJ ACQUISITION CORP. et al., Appellants, v JAMES ATAMANUK, Respondent. [710 NYS2d 21] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about November 15, 1999, which granted defendant's motion to dismiss the complaint, canceled the notice of pendency, and denied plaintiffs' cross motion for partial summary judgment, unanimously affirmed, without costs.

In this action for specific performance and damages for the alleged breach of a contract to purchase real property, the motion court properly found that the purported letter agreement was void pursuant to the Statute of Frauds (General Obligations Law § 5-703 [2]) since it failed to state all the material terms of a complete agreement, "a material element of the contemplated bargain ha[ving] been left for further negotiations" (*Generas v Hotel des Artistes*, 117 AD2d 563, 566, *lv denied* 68 NY2d 606). The letter agreement relied on by plaintiffs failed to identify the corporate purchaser (*see, Delfino v Estate of Parkinson*, 159 AD2d 476, *lv dismissed* 76 NY2d 772; *Dutchess Dev. Co. v Jo-Jam Estates*, 134 AD2d 478). Indeed, the agreement itself revealed that the parties had not intended to be bound until a further formal contract was negotiated and executed (*see, Kniffen v Kniffen*, 223 AD2d 686; *Shui Ching Chan v Bay Ridge Park Hill Realty Co.*, 213 AD2d

467; *O'Brien v West*, 199 AD2d 369). Nor was the purported agreement removed from the Statute by virtue of plaintiffs' actions in obtaining a mortgage commitment and ordering a title report since those acts were not " 'unequivocally referable' " to the agreement (*Anostario v Vicinanzo*, 59 NY2d 662, 664; *Cooper v Schube*, 86 AD2d 62, 67-68, *affd* 57 NY2d 1016; *Delfino v Estate of Parkinson, supra,* 159 AD2d, at 477), "but rather can be explained as preliminary steps which contemplate the future formulation of an agreement" (*Francesconi v Nutter*, 125 AD2d 363, 364).

We have considered plaintiffs' remaining contention and find it unavailing. Concur—Sullivan, P. J., Rosenberger, Nardelli, Ellerin and Wallach, JJ.