■ 167 GREENWICH REALTY Co., INC., Plaintiff, v. RUTH T. KEHOE, Individually and as Executrix and Trustee of MARIE L. KEHOE, Deceased, and as Executrix and Trustee of JOANNA E. K. DE MONTURIOL, Deceased, et al., Defendants.— The parties to this submission, under sections 546–548 of the Civil Practice Act, seek a determination as to the right of one of the defendants, as administratrix, to sell certain real property to the plaintiff without first obtaining the approval of the Surrogate. The answer to the question necessitates an interpretation of section 13 of the Decedent Estate Law. Subdivision 1 of that section permits such sale in certain circumstances, subject however to the limitations stated in subdivision 2 thereof. There is nothing in the statement of facts to indicate whether or not the property comes within the limitations of subdivision 2. We may not go outside the stipulation of facts to decide the issue raised and, inasmuch as the facts stipulated are insufficient for a determination of such issue, there must be a dismissal (*Manhattan Storage & Warehouse Co.* v. *Movers & Warehousemen's Assn.*, 289 N. Y. 82). Moreover section 546 of the Civil Practice Act provides that "The case must be accompanied with the affidavit of one of the parties to the effect that the controversy is real". Implicit in such requirement is a condition precedent to the determination by this court of a matter submitted under the section that the controversy in fact be a real one. While the affidavit required by the section has been submitted, the papers raise a question as to whether in fact this is a real controversy. We do not know and it cannot be determined whether the controversy is between the plaintiff and the defendant, whether the title company referred to in this stipulation is the real party in interest, or whether there

is any real controversy at all. There was but one brief submitted and that was the brief of the plaintiff. That fact is certainly no aid in determining whether there is a real controversy involved. The submission is dismissed, without costs, and without prejudice. Settle order on notice. Concur — Peck, P. J., Botein, Rabin and Frank, JJ. [See post, p. 709.]