■ MARY F. VICARIO, Respondent, v. GERALD RAYMOND, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, in favor of the plaintiff, entered August 6, 1973 in Essex County. This is an action on submitted facts pursuant to CPLR 3222. Plaintiff and two nonparties to this action, John Stewart and Sally McAlpin, are owners, as tenants in common, of a small residence commonly known as a superintendent's cottage located on Hewitt Lake in Essex County. With the permission of all three owners, defendant took up residence in the cottage in August, 1967 as a term and condition of his employment as a resident caretaker for the Hewitt Lake Club of which plaintiff is a member. Subsequently, in June, 1969, plaintiff retracted her permission for defendant's occupancy of the premises, although he continues in possession with the expressed permission and consent of the other cotenants. A 30-day notice to quit was served on defendant by plaintiff in October of 1972, after which this action was commenced by the service of a summons and complaint on February 17, 1973. In this action plaintiff seeks a judgment excluding defendant from possession of the subject premises and restoring plaintiff's right of possession. Additionally, she seeks a money judgment for damages sustained by reason of defendant's continued occupancy of the premises. On the question of possession, Special Term awarded judgment to the plaintiff. It held that she was entitled to possession as against the defendant and that her failure to join the other two cotenants in common did not affect her right to maintain the action. It further ruled that any judgment awarding money damages must abide a trial where that issue could finally be determined. Defendant appeals from so much of this judgment as orders him to vacate the premises and awards plaintiff with $20 costs. Upon an examination of the submitted facts, we agree with the defendant that this judgment must not be affirmed. Concededly, there was an agreement between the defendant and the three co-owners of the subject property whereby defendant was to be permitted to occupy the cottage. Now plaintiff, being one of the parties

to the agreement, unilaterally seeks its cancellation by this action for ejectment. Such a resolution of the dispute could well adversely affect the rights of the other parties to the agreement; namely, the remaining tenants in common who are not parties to this action. Consequently, we hold that these other parties must be joined in this action before a judgment may properly be rendered (CPLR 1001, subd. [a]; Matter of Castaways Motel v. Schuyler, 24 N Y 2d 120; 3 Carmody-Wait 2d, New York Practice, § 19:58). We also find that the statement of submitted facts "is not sufficient to enable the court to enter judgment" (CPLR 3222, subd. [b], par. 5). Although defendant's occupancy of the cottage was a "term and condition of his employment," his contract of employment with the Hewitt Lake Club is not in evidence. Similarly, the information supplied is insufficient as to the form and content of the agreement between the defendant and the three tenants in common. A dismissal of the submission is, therefore, in order (cf. Rushing v. Commercial Casualty Ins. Co., 251 N. Y. 302). We decide no other issue. Judgment reversed, on the law and the facts, without costs, and without prejudice to a new submission or a new action. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ. concur.