■ In the Matter of SOLOMON SCHARF, Respondent, v ANDREW P. KERR, as Administrator of the Housing and Development Administration of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the withdrawal of the revocation of a building permit and for reinstatement of the said permit, the appeal is from a judgment of the Supreme Court, Richmond County, dated April 3, 1974, which granted the relief sought in the petition. Judgment reversed, on the law, without costs, and proceeding remanded to the trial court for further proceedings consistent herewith. Petitioner applied for a building permit to build a proprietary nursing home in Staten Island. The permit was issued, but then revoked by the Richmond Borough Superintendent of the Housing and Development Authority. This proceeding was thereafter commenced by petitioner to compel the withdrawal of the revocation of the building permit and for its reinstatement. However, after the service of the answer, the proceeding did not take the usual course. Instead, the case was submitted to Special Term on an agreed statement of facts. In our view, this procedure was inappropriate, and the resultant judgment must be reversed. The revocation of the permit was based on the unavailability of proper sewer facilities servicing the premises (cf. *Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507). The agreed statement of facts referred to the existence of certain sewers in the vicinity and the location of overload in the system and the causes therefor. However, the statement is patently incomplete and truncated; public rights, as well as petitioner's rights, should not be determined on such a record. An agreed statement is not always the proper vehicle for the determination of rights affecting the public interest *(Manhattan Storage & Warehouse Co. v Movers & Warehousemen's Assn.,* 289 NY 82). Where the facts are simple and the question is truly one of law, depending on the construction of the constitution or a statute, the procedure has the admirable virtue of providing a direct and quick decision and the public interest is promoted. But where, as in this case, the facts are necessarily complicated and admit of differing inferences, public rights should not be decided summarily on the basis of facts conceded by the parties, without the benefit of the adversary process and further inquiry by the court. The deficiency in the agreed statement of facts in this case is vividly displayed by the discovery by appellants that certain salient facts had been omitted, and their attempt, through a motion to renew, to supplement the statement. These circumstances render it imperative that, in the public interest, a judgment should not be made on the basis of the

agreed statement. Hence, the judgment should be reversed and the proceeding remanded for such further course of action as the parties may be advised to take. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Shapiro, JJ., concur.