■ STEPHEN KURSH, Respondent-Appellant, v FRANK VERDERAME et al., Appellants-Respondents. — Judgment, Supreme Court, New York County (Stecher, J.), entered on April 2, 1981, which, *inter alia,* directed defendants-appellants-respondents to specifically perform a contract for the sale of real property, is unanimously modified, on the law and the facts, to the extent of directing that the closing of said contract take place on June 1, 1981, at 11:00 A.M., at the office of plaintiff's attorney, and that closing adjustments in the contract, if any, be calculated as of October 23, 1979, and otherwise affirmed, without costs. The plaintiff, prospective buyer, entered into an agreement on August 23, 1979, with the individual defendant, Frank Verderame, to purchase premises located at 540 West 29th Street. This purchase agreement, although lacking in certain formalities, nevertheless, contained all required elements of a contract, except that it failed to identify the individual defendant as agent for the corporate defendant, the record owner of the property, and failed to set a closing date. Apparently, the corporate defendant, a family-owned corporation, was formed for the sole purpose of taking title to the subject property. However, as previously stated, this fact was never communicated to the plaintiff and the individual defendant acted, at all times, as principal. Subsequent to the execution of this "purchase agreement," defendants refused to proceed with the closing and plaintiff, thereafter, commenced the instant action. Defendants in their answer raised the affirmative defense of the Statute of Frauds (General Obligations Law, § 5-703, subd 1), asserting that the writing is unenforceable since it failed to disclose that the individual defendant was acting for the corporate defendant. In addition, the defendants argued that the other shareholders, all family members, failed to consent to the sale and, therefore, the transaction violated subdivision (a) of section 909 of the Business Corporation Law. The court, after trial of these issues without a jury, determined that the contract of sale sufficiently complied with the Statute of Frauds since it contained the essential terms of a binding contract; that the failure to establish a closing date is not fatal to the enforceability of the contract; that since the individual defendant held himself out as having the authority to make the sale, the corporate undisclosed principal is estopped to deny his authority and that consent of the other shareholders was sufficiently established. Accordingly, the trial court directed that defendant specifically perform this contract. We agree with this determination and would merely augment that decision by setting June 1, 1982, as the date for closing and by establishing October 23, 1979, as the date for calculating adjustments. These procedural steps are required in order to finalize this sale. Concur — Ross, J. P., Markewich, Silverman, Bloom and Asch, JJ.