■ SUSAN B. ROSCHEN, Individually and as Legal Custodian of STEPHEN A. ROSCHEN, and Others, Infants, Appellant, v WILLIAM E. ROSCHEN, JR., as Guardian of DEBORAH ROSCHEN et al., Respondent. — Judgment, Supreme Court, New York County (B. Sherman, J.), September 17, 1981, which dismissed the plaintiff's complaint on the merits, is unanimously reversed, on the law, facts and in the exercise of discretion, judgment vacated, complaint reinstated and matter remanded for further proceedings, without costs. The parties were divorced in 1976 in Connecticut. Their separation agreement was incorporated by reference but was not merged into the judgment of divorce. Article 11 of this agreement provided, *inter alia,* that defendant husband was to act as guardian of certain securities given by defendant's father to the six children of the marriage and that during the children's minority the defendant was permitted to accumulate any moneys realized from these securities by interest, dividends or sale. Pursuant to CPLR 3222, the parties through their counsel submitted to Trial Term a stipulated statement of facts, which sought a ruling as to whether defendant had breached his fiduciary duty as guardian by not selling the securities. Unless the trust agreement directs otherwise, a trustee who fails to sell trust property in his possession, so as to produce more income, may be held liable (see 3 Scott, Trusts, § 209; *Matter of Garvin,* 256 NY 518). This court in *Public Serv. Mut. Ins. Co. v Fireman's Fund Amer. Ins. Cos.* (71 AD2d 353, 354) has held that a controversy submitted under CPLR 3222 "should not be determined [upon a] patently incomplete or truncated record." In view of the fact that the record herein is inadequate, Trial Term erred in determining that defendant did not have a duty to sell the securities. Concur — Ross, J. P., Carro, Bloom and Kassal, JJ.