■ In the Matter of the Estate of JOSEPH WAGNER, Deceased. JUDITH FELDMAN et al., Appellants; MANUFACTURERS HANOVER TRUST COMPANY et al., Respondents. — In a proceeding seeking, *inter alia,* removal of the executors-trustees under the will of Joseph Wagner, reconveyance of property and damages, petitioners Judith, Zeil, Hershel and Tammy Feldman and the Feldman Company appeal from (1) an order of the Surrogate's Court, Kings County (Pizzuto, J.), entered April 27, 1983, which granted the motions of Jerome and Lawrence Fink, doing business as Diane Fink Management, and Jakob Tulczinsky for summary judgment dismissing the petition and supplemental petition as against them, (2) an order of the same court, entered April 27, 1983, which granted Max Kavenoff's motion, in effect, to dismiss the petition and supplemental petition as against him and (3) an order of the same court, entered May 13, 1983, which granted Manufacturers Hanover Trust Company and Ruth Aidlen's motion for summary judgment dismissing the petition and supplemental petition as against them, and denied petitioners' cross motion to suspend the executors.

Orders affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Petitioners' Judith Zeil, Hershel and Tammy Feldman and the Feldman Company (petitioners), commenced this proceeding essentially alleging breach of trust by respondents Manufacturers Hanover Trust Company and Ruth Aidlen, who are the executors-trustees of the estate of decedent Joseph Wagner. According to petitioners, the sale by the executors-trustees of a building which comprised a main asset of decedent's estate (the Wagner building) deprived them of an opportunity to purchase the building, have the estate retain the building or have the

property sold to a third party subject to lease protection for the Feldman Co. We find petitioners' arguments to be without merit.

Decedent, in his will, provided an income for his wife, Helen Wagner, explicitly directing the executors-trustees that she be their "prime concern" and that she "have the benefit of every comfort and the fulfillment of her every need without regard to the cost thereof". In addition, decedent provided that unproductive property not be held "as an asset of the trust for more than a reasonable time during the lifetime of [his] wife without her written consent". Also pursuant to the will, petitioner Judith Feldman was provided with an annual income, with her children, petitioners Zeil, Hershel and Tammy Feldman, designated as remaindermen. The Feldman Co., owned by Judith Feldman's husband Alfred and Alfred's sister, was a tenant of the Wagner building. Neither the company nor its owners are mentioned in the will. Prior to Joseph Wagner's death, he was negotiating with Diane Fink Management Co. for the sale of the Wagner building at a purchase price of $1,100,000. Following Wagner's death, this building was sold to Jakob Tulczinsky for $1,200,000 who then conveyed title to Diane Fink Management Co. via its assignment from Jakob Tulczinsky.

Based on a review of the record, we find that petitioners have failed to present facts that raise triable issues to be adjudicated inasmuch as, under the circumstances of the instant case, the executors-trustees had no duty to keep the Wagner building unsold, to sell to an interested party or to provide lease protection for the Feldman Co. The record clearly illustrates that the executors-trustees dealt impartially with all trust beneficiaries while fulfilling their duty to sell any property which they found to be unproductive (see *Matter of Hubbell,* 302 NY 246, 254, 255-256; *Roschen v Roschen,* 91 AD2d 514). Moreover, as found by the Surrogate's Court, the sale of the Wagner building was reasonable and proper. In fact, it was sold in an arm's length transaction at the best available price, after diligent, reasonable and prudent marketing efforts for the purpose of raising cash and carrying out the terms of the will (see *King v Talbot,* 40 NY 76, 85-86; *Matter of Bank of New York,* 35 NY2d 512, 518-519). We note that decedent's will specifically directed the executors-trustees to dispose of unproductive property. Further, a trust beneficiary's consent cannot enlarge nor, by objection, limit the powers of the trustees (*City Bank Farmers Trust Co. v Smith,* 263 NY 292, 295). Therefore, although petitioners claim they objected to the sale, even if objection was properly and timely raised, the executors-trustees acted within their powers and

committed no breach of duty to petitioners. In fact, inasmuch as the property was found to be unproductive, had the executors-trustees acted otherwise, they could have been held liable for failing to make trust property productive (see *Matter of Hubbell*, 302 NY 246, *supra; Roschen v Roschen,* 91 AD2d 514, *supra*). We further note that the property was sold for twice the amount offered by petitioners (petitioners having been made aware of the negotiations to sell the property, offered to purchase the Wagner building for $600,000, albeit offering the entire amount in cash).

Finally, there was no duty to provide lease protection for the Feldman Co., which has no cognizable interest in decedent's estate. The Feldman Co. is not a beneficiary of the estate and is not entitled to present a petition to the court requesting revocation of letters testamentary (see SCPA 711, 103, subd 39).

In light of all of the foregoing, we conclude that the Surrogate's Court properly found that, although petitioners have presented a great deal of facts, nothing therein presents an issue to be adjudicated. Accordingly, the respondents' motions in question were properly granted (see *Matter of Piccione,* 57 NY2d 278; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Matter of Fello,* 88 AD2d 600, affd 58 NY2d 999) and petitioners' cross motion was properly denied. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.