■ CHRIS COCCIO, Respondent-Appellant, v FRANK R. PARISI et al., Appellants-Respondents.—Mercure, J. Cross appeals from a judgment of the Supreme Court (Ford, J.), entered May 16, 1988 in Saratoga County, upon a decision of the court, without a jury, in favor of plaintiff.

A subdivision known as "Dedrick-Pollock Camp Sites" in the Town of Galway, Saratoga County, was established by the filing of a subdivision map in the County Clerk's office on June 30, 1925. In August 1973, plaintiff took title to lot No. 7, shown on the map to be a triangular parcel bounded on the east by lot No. 6, on the south by Galway Lake and on the west by a 40-foot-wide strip designated "Tamarack Road". In August 1984, defendants took title to an approximately 40-foot by 80-foot parcel, comprised of the extreme southern portion of Tamarack Road, bounded on the east by plaintiff's lot. In June 1985, defendants constructed a fence along plaintiff's western line, prompting plaintiff to commence this RPAPL article 15 proceeding to establish his right-of-way over defendants' land. After issue was joined, the parties stipulated to submit the matter for Supreme Court's determination upon an agreed statement of facts *(see,* CPLR 3222), consisting of designated allegations of the complaint, the answer and reply, and exhibits, including an affidavit, a copy of the filed subdivision map and deeds to several of the lots. Supreme Court ultimately rendered its decision that plaintiff did not establish an implied easement over defendants' land but that plaintiff had acquired an easement over defendants' property by prescription. Judgment was rendered accordingly and the parties cross-appeal.

We begin by noting our agreement with defendants' contention that the agreed facts were insufficient to support a determination that plaintiff or his predecessors in interest acquired an easement, by implication or by prescription, over defendants' property. A CPLR 3222 stipulation of facts must cover all points in dispute so as to permit determination of the legal issue without resort to evidence dehors the stipulation *(see,* CPLR 3222 [b] [5]; *Public Serv. Mut. Ins. Co. v Fireman's Fund Am. Ins. Cos.,* 71 AD2d 353; *Vicario v Raymond,* 44 AD2d 863, 864; *167 Greenwich Realty Co. v Kehoe,* 3 AD2d 659). Further, the existence of disputed facts will require

dismissal of the submission, for it is only when no issue of fact exists between the parties that they can bring their controversy to the court under CPLR 3222 (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3222:1, at 1081; 10 Carmody-Wait 2d, NY Prac §§ 69:1, 69:14, at 238-239, 251).

In our view, the statement was patently inadequate for a determination of the existence of an easement by prescription. The complaint did not assert the existence of a prescriptive easement and contained no factual allegations to support the elements thereof (see, Beutler v Maynard, 80 AD2d 982, affd 56 NY2d 538). Additionally, the vague statements in the affidavit of an adjoining landowner that he and others drove, walked, parked and played boccie on "the right of way designated as Tamarack Road" are insufficient; it is not alleged that any of these activities took place on the portion of Tamarack Road conveyed to defendants.

Turning to the cross appeal, we conclude that the agreed statement was also insufficient for a determination of the existence of an easement by implication. "It is well established that when property is described in a conveyance with reference to a subdivision map showing streets abutting on the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant" (Fischer v Liebman, 137 AD2d 485, 487; see, Huggins v Castle Estates, 36 NY2d 427, 431-432; Weil v Atlantic Beach Holding Corp., 1 NY2d 20, 28-29; Gerbig v Zumpano, 13 Misc 2d 357, 360-361, affd 7 AD2d 904, revd on other grounds 7 NY2d 327; 49 NY Jur 2d, Easements, § 62, at 154). However, the ultimate determination of whether an easement by implication is created depends on the intention of the parties at the time of the conveyance (see, Fischer v Liebman, supra; Wells & Riv. Holding Corp. v Otis Elevator Co., 7 Misc 2d 671, 672-673, affd 5 AD2d 883; 49 NY Jur 2d, Easements, § 62, at 155). Here, the filed subdivision map shows plaintiff's lot to border on Tamarack Road, and the conveyances to plaintiff and defendants are each described by specific reference to the subdivision map. Nevertheless, Supreme Court determined that the absence of proof that the "original conveyance of the lot number 7 after [filing of the subdivision map] referred to the map or to Tamarack Road" precluded the finding of an implied easement by grant (emphasis in the original). In our view, the absence of evidence of the original grant from the subdivider did leave open a factual issue as to the subdivider's intent (see, Matter of Ossining Urban Renewal Agency v Lord, 49 AD2d 576, revd on other

*grounds* 39 NY2d 628), thereby precluding determination of the action upon the submission. Rather than dismiss the cause of action, though, Supreme Court should have merely dismissed the submission as inadequate *(see, Vicario v Raymond,* 44 AD2d 863, 864, *supra).*

The judgment is therefore reversed and the statement of facts dismissed, without prejudice. The matter is remitted to Supreme Court, where the parties may stipulate to a more definite statement or permit the action to take its normal course. It is our view, however, that an action to establish an easement, whether by implication or by prescription, does not lend itself well to resolution under CPLR 3222.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.