■ BHUTTA REALTY CORPORATION, Respondent, v PAUL SANGETTI et al., Appellants.—In an action upon an agreed statement of facts, *inter alia,* for specific performance of a contract for the sale of land, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Dowd, J.), entered September 22, 1988, as directed the defendant Sangard Enterprises, Ltd., to convey the subject real property to the plaintiff.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

On April 12, 1986, the plaintiff and the individual defendant Paul Sangetti entered into a written "Sales Agreement" for the sale of certain premises located in Brooklyn and owned by the corporate defendant Sangard Enterprises, Ltd. (hereinafter Sangard). Mr. Sangetti was both president and a shareholder of Sangard, the only other shareholders being his wife and two daughters.

The "Sales Agreement" contained no reference to the corporate owner of the property nor any reference to Mr. Sangetti's corporate status. The purchase price was set forth at $330,000 with a $5,000 deposit being paid on the signing of the agreement. An additional $28,000 was to be paid upon "contract signing", subject to a purchase-money mortgage of $205,000 at 9% payable monthly, with the balance of $92,000 to be paid on or before the taking of title. In a section entitled "Remarks", the following language appeared: "Seller agrees to 20 year mortgage at 9% paid each month subject to signing a formal contract in 7 days". Prior to the "Remarks" section, there were references to "contract signing" and "signing a formal contract". No specific date was set for either the contract signing or the closing of title.

Ten days after the execution of this agreement, Mr. Sangetti deposited the plaintiff's $5,000 deposit check. On or about May 4, 1986, the defendants forwarded a formal contract to the plaintiff which provided for a purchase-money mortgage of

$205,000 to be paid in 10 years at a rate of interest of 12%. The plaintiff immediately rejected these new terms and stated that it was ready, willing and able to perform according to the original agreement. After the attorney for the defendants indicated that his clients claimed that there had been no meeting of the minds, the plaintiff commenced the instant action for specific performance. After issue was joined, the parties submitted the case to the court for resolution on an agreed statement of facts pursuant to CPLR 3222.

It is well established that a stipulation of facts pursuant to CPLR 3222 must cover all points in dispute so as to permit determination of the legal issue without resort to evidence dehors the stipulation, and that the existence of disputed facts will require dismissal of the submission. It is only when no issue of fact exists between the parties that they can bring their controversy to court pursuant to CPLR 3222 *(see, Coccio v Parisi,* 151 AD2d 817). In this case, there are a number of issues which cannot be resolved by resort to the parties' stipulation.

As a general rule, a memorandum allegedly evidencing a contract must, in order to satisfy the Statute of Frauds *(see,* General Obligations Law § 5-703), state the entire agreement with such certainty that the substance thereof appears from the writing alone. It must designate the parties, identify and describe the subject matter and state all of the essential terms of the agreement *(see, Tamir v Greenberg,* 119 AD2d 665, 666). Here, the corporate owner of the property was never mentioned in the "Sales Agreement", and the individual defendant Sangetti signed the agreement without indicating that he was doing so in his corporate capacity. Thus, there is nothing on the face of the agreement to indicate that it was signed by the party to be charged *(see, Bridgeview Dev. Corp. v Hooda Realty,* 145 AD2d 457; *see also, Terrace Ct. Realty v Fifth Ave. Realty Corp.,* 27 Misc 2d 110). The issue of whether the actions of the individual defendant were authorized and sufficient to bind the corporate defendant cannot be determined from the record herein and requires a trial *(see, Kursh v Verderame,* 87 AD2d 803, where, after a nonjury trial, the corporate undisclosed principal was estopped from denying the authority of the individual defendant).

Moreover, there is a question as to what the parties intended by the phrase, "[s]eller agrees to 20 year mortgage at 9% paid each month subject to signing a formal contract in 7 days". The phrase could be interpreted as making the favorable mortgage terms contingent upon signing a contract within

seven days. Under such an interpretation, when the contract was not signed within seven days, the favorable mortgage terms were no longer applicable. In such an event, it may very well be that there was no meeting of the minds necessary to the formation of a contract. Moreover, the uncertainty of the mortgage terms and the contemplation of future negotiations would also take the "Sales Agreement" out of compliance with the Statute of Frauds *(see, Ashkenazi v Kelly,* 157 AD2d 578; *Blakey v McMurray,* 110 AD2d 998; *Read v Henzel,* 67 AD2d 186; *Osta v Jarrett,* 27 AD2d 882).

Accordingly, the judgment is reversed and the matter is remitted to the Supreme Court, Kings County, where the parties may stipulate to a more definite statement of facts or proceed to trial on the disputed issues. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.