■ In the Matter of JEFFREY FELDMAN, Appellant, v COMMUNITY SCHOOL DISTRICT 32 et al., Respondents. [647 NYS2d 805] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the City of New York dated January 14, 1993, denying the petitioner tenure and discharging him from his position as an assistant principal, the petitioner appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated September 6, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 20, 1987, the petitioner was appointed to the position of assistant principal by the Community School Board of District 32. In September 1988, the petitioner was charged with sexually abusing a former student, and he was reassigned to a position in the School Board's District Office. The criminal charges against the petitioner were ultimately dismissed, and the petitioner was informed, by letter dated March 26, 1990, that he would be permitted to return to his previous position as assistant principal. The March 26, 1990, letter further advised the petitioner that the period of time that he had been reassigned to the District Office would not be credited toward the fulfillment of his three-year probationary term as an assistant principal. The respondent Board of Education subsequently refused to certify that the petitioner had completed his probationary term as assistant principal, and he was denied tenure effective March 13, 1992. The petitioner commenced this CPLR article 78 proceeding alleging that he had acquired tenure by estoppel because the respondents had permitted him to remain in the position of assistant principal beyond the expiration of his probationary term. However, the Supreme Court dismissed the proceeding as time-barred, concluding that the four-month Statute of Limitations began to run on March 26, 1990, when the petitioner was informed that the period of his reassignment to the District Office would not be credited toward completion of his probation.

The Supreme Court properly concluded that the petitioner was aggrieved by the March 26, 1990, letter, which clearly informed him that a period of more than one year, from September 26, 1988, to January 19, 1990, would not be credited toward the fulfillment of his probationary term. At that point, the determination to exclude the period of reassignment and thereby extend the petitioner's probationary term became final and binding, and any challenge to this extension had to be made within four months of the March 1990 letter *(see,* CPLR 217; *Matter of Van Dyke v New York State Dept. of Educ.,* 144 AD2d 85; *Matter of Pollack v Bahou,* 102 AD2d 286, 294; *cf., Matter of McManus v Board of Educ.,* 87 NY2d 183, 189).

In any event, there is no merit to the petitioner's claim that he was wrongfully denied tenure. As a general rule, tenure may be acquired by estoppel when a school board accepts the continued services of a teacher or administrator but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher's probationary term *(see, Matter of McManus v Board of Educ., supra; Matter of Gould v*

*Board of Educ.,* 81 NY2d 446, 451). Here, however, for more than one year following his initial appointment to the position of assistant principal, the petitioner was reassigned to the District Office, and did not perform the duties of an assistant principal. Accordingly, the respondents cannot be deemed to have accepted the petitioner's services as an assistant principal during this period of reassignment, and the petitioner did not acquire tenure by estoppel. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.