■ In the Matter of PATTERSON MATERIALS CORPORATION, Formerly Known as PECKHAM MATERIALS, Respondent, v MICHAEL D. ZAGATA et al., Appellants. [655 NYS2d 71] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Department of Environmental Conservation as denied the petitioner's application for a mining permit for that portion of its property which is located in the Town of Pawling, Dutchess County, and an action for a

judgment declaring, *inter alia,* that the petitioner is entitled to a mining permit for that portion of its property, the Commissioner of the Department of Environmental Conservation and the Department of Environmental Conservation appeal (1) from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered October 2, 1995, which granted the petition to the extent of vacating special condition No. 3 contained in a mining permit dated December 23, 1994, prohibiting mining on that portion of its property and denied the remainder of the relief sought in the petition as academic, and denied their motion to dismiss the petition, and (2) an order of the same court, entered May 29, 1996, which denied their renewed motion for the same relief.

Ordered that the order dated May 29, 1996, is reversed, without costs or disbursements, the branch of the motion which was for leave to renew is granted, and on renewal the judgment entered October 2, 1995, is vacated, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the judgment entered October 2, 1995, is dismissed as academic, without costs or disbursements.

The central issue in this appeal is whether the respondent New York State Department of Environmental Conservation (hereinafter the DEC), previously granted a mining permit encompassing all or part of the petitioner's 370-acre parcel located in the Town of Pawling, Dutchess County (*see,* ECL 23-2711 [former (3)]; ECL 2711 [2]; ECL former 23-2713; ECL 23-2713; *see also, Matter of Fletcher Gravel Co. v Jorling,* 179 AD2d 286, 289; *Matter of Atlantic Cement Co. v Williams,* 129 AD2d 84, 88). Due to a stipulation entered into by the parties, however, the record before the Supreme Court, and consequently here on appeal, is truncated and incomplete. As the issue involves the public interest (*see,* ECL 23-2703) a determination should not be made on such a record (*Manhattan Stor. & Warehouse Co. v Movers & Warehouseman's Assn.,* 289 NY 82, 89; *Matter of Scharf v Kerr,* 48 AD2d 927; *see also, Public Serv. Mut. Ins. Co. v Fireman's Fund Amer. Ins. Cos.,* 71 AD2d 353; *Bhutta Realty Corp. v Sangetti,* 165 AD2d 852, 853), and we remit the matter for further proceedings on a complete record. Of particular relevance on remittal are the documents underlying a May 6, 1981, renewal permit, which may or may not have affected the parcel in question. Such documentation was not before the Supreme Court on the truncated record, but was submitted on the respondents' subsequent and unsuccessful

motion to renew. These documents and certain other evidence appear to undercut the conclusion that the May 1981 renewal permit allowed mining on the entirety of the petitioner's Dutchess County parcel.

However, we agree with the Supreme Court that the instant proceeding is not barred by the Statute of Limitations. The petitioner was not aggrieved until its receipt of the permit dated December 23, 1994, pursuant to which the DEC expressly prohibited mining on the Dutchess County parcel, and therefore the proceeding commenced in April 1995 was timely (*see, Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62, 72; *Dimiero v Livingston-Steuben-Wyoming County Bd. of Coop. Educ. Servs.,* 199 AD2d 875, 878; *see also, Matter of Feldman v Community School Dist. 32,* 231 AD2d 632). Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.