■ MORRIS CASSORLA et al., Respondents, v SHEILA R. MARKIN, Appellant, et al., Defendants. [696 NYS2d 328] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs and Sheila R. Markin (defendant) own adjacent parcels of land on the east side of Canandaigua Lake. Mary K. Scovel owned both parcels and conveyed the parcel now owned by plaintiffs to the Kubbingas in 1960. The Kubbingas conveyed the parcel to plaintiffs in 1966. Scovel conveyed the other parcel to defendant in 1977. Plaintiffs brought this action seeking to enjoin defendant from interfering with alleged rights of way and a judgment declaring that they have easements over those rights of way. Defendant moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for partial summary judgment declaring the existence of the two easements at the locations they alleged and seeking leave to amend the complaint to include a cause of action for easement by implication. Supreme Court denied defendant's motion and granted plaintiffs' cross motion in part by permitting amendment of the complaint and granting the requested relief only with respect to one easement. That easement is not at issue on this appeal.

Plaintiffs contend that the easement at issue, conveyed to the Kubbingas and by them to plaintiffs and to which defendant's land is subject, is a continuation northward of a driveway shown on a map made by Douglas P. Wallace dated June 14, 1960 referred to in both parties' deeds. That easement is described in plaintiffs' deed as follows: "Together with a right of way for ingress, egress and regress for the passage of vehicles across lands now or formerly owned by Mary K. Scovel from the southeast corner of parcel A on said map running approximately north to lands of the grantees."

The corner where plaintiffs contend that the easement begins is the southwest corner, not the southeast corner. The parties to the Scovel to Kubbinga transfer could not have intended to describe the southwest corner because the deed contains a version of the easement that has been struck out by typewriter

that provides: "Together with a right-of-way for ingress, egress and regress across the above-described premises to lands of Foster, running in a general north and south direction to lands of the grantor connecting with the existing driveway in the rear of premises conveyed to Mary Keppler Scovel by E. Marguerite Henry by deed recorded in Yates County Clerk's Office in Liber 148 of Deeds at Page 564." The above version of the easement did have a terminus at the southwest corner of Parcel A and that language was clearly rejected by the grantor, who substituted a terminus at the southeast corner of her land.

Plaintiffs contend that they can establish the location of the easement as continuing from defendant's driveway under theories of prescriptive easement and easement implied by grant based on existing use. Defendant showed that plaintiffs used the road for vehicles once or twice a year. Such limited usage may not be considered continuous seasonal usage as a matter of law (see, Alexy v Salvador, 217 AD2d 877, 879), and thus defendant has established her entitlement to judgment declaring that plaintiffs do not have a prescriptive easement in the location sought. "[T]he ultimate determination of whether an easement by implication is created depends on the intention of the parties at the time of the conveyance" (Coccio v Parisi, 151 AD2d 817, 818). The record establishes that Mary Scovel did not intend to convey an easement across the land she then owned starting at her driveway. Thus, the court further erred in granting that part of plaintiffs' cross motion seeking leave to amend the complaint to include that cause of action. Plaintiffs do not contend that they are entitled to the easement they seek by necessity or that any deed should be reformed.

There can be no doubt, however, that the deeds do create an easement across former parcel A. The precise location of that easement from the southeast corner is an issue of fact for trial.

We modify the judgment, therefore, by granting judgment in favor of defendant declaring that plaintiffs do not have a prescriptive easement from the southwest corner of parcel A as shown on the map of Douglas P. Wallace dated June 14, 1960, and by denying that part of plaintiffs' cross motion seeking leave to amend the complaint to include a cause of action for an easement by implication. (Appeal from Judgment of Supreme Court, Yates County, Falvey, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.