OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and matter remanded to the court below for further proceedings not inconsistent with the decision herein.
Plaintiff, subrogee insurance company to subrogors John and Donna Rezek, seeks damages as a result of an accident between the Rezek vehicle and a road sanding truck owned by defendant Town of Hempstead and operated by its employee, defendant Bellini. The matter was tried on submitted facts, pursuant to CPLR 3222. The stipulated facts indicated that on February 6, 2001, at approximately 7:50 a.m., during inclement weather, defendant Bellini was operating defendant Town of Hempstead’s road sanding truck and was sanding the road to prevent snow from accumulating. The Rezek vehicle was directly behind the road sanding truck. The truck backed up and collided with the front of the Rezek vehicle. The court was asked to decide whether defendants’ road sanding truck was a “hazard vehicle” involved in a “hazardous operation,” as defined by Vehicle and Traffic Law §§ 117-a and 117-b, respectively, and, if so, whether the truck was being operated in a “reckless” manner. The court, reluctantly following the reason *42 ing in the consolidated appeals of Riley v County of Broome and Wilson v State of New York (95 NY2d 455 [2000]), found that the road sanding truck was a “hazard vehicle” engaged in a “hazardous operation,” was therefore subject to a standard of “recklessness” as opposed to ordinary negligence (see Saarinen v Kerr, 84 NY2d 494 [1994]), and that defendants were liable for acting recklessly. It is noted that the court’s characterization of the road sanding truck as a “hazard vehicle” was unnecessary since the truck fell within the category of vehicles which Vehicle and Traffic Law § 1103 (b) describes as “actually engaged in work on a highway.” The statute excuses such vehicles from the rules of the road, set forth in title VII of the Vehicle and Traffic Law, and imposes upon them a standard of recklessness (see Riley v County of Broome, 95 NY2d at 466).
In an action on submitted facts, no facts other than those stipulated to may be considered by the court (see CPLR 3222 [b] [2]). The stipulation must cover all points in dispute so as to permit a determination of the legal issues without resort to evidence dehors the stipulation (see Bhutta Realty Corp. v Sangetti, 165 AD2d 852 [1990]). Where the statement of facts is not sufficient to enable the court to render a judgment, CPLR 3222 (b) (5) authorizes the court to dismiss the submission without prejudice or to allow the filing of an additional statement.
In our view, the stipulated facts in this case were not sufficient for the court to have made a determination that defendant Bellini operated the road sanding truck in “reckless disregard” for the safety of others. The submitted factual statement was too vague to support a determination that defendant had “intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow” and did so with conscious indifference to the outcome (see Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]). A controversy submitted on an agreed statement of facts should not be determined on a patently incomplete or truncated record (see Public Serv. Mut. Ins. Co. v Fireman’s Fund Am. Ins. Cos., 71 AD2d 353 [1979]). In addition, the court, in reaching its conclusion, went outside the submission, contrary to the provision in CPLR 3222 '(b) (2) that the controversy “be determined on the case alone.” Since the statement of facts was insufficient, the court should have either dismissed the submission or permitted the filing of an additional statement, in accordance with the provisions of CPLR 3222 (b) (5).
*43 Accordingly, the order is reversed and the matter is remitted to the court below to afford the parties an opportunity to stipulate to a more definite statement of facts, or, failing that, for dismissal of the submission (see e.g. Bhutta Realty Corp. v Sangetti, 165 AD2d 852 [1990], supra; Coccio v Parisi, 151 AD2d 817 [1989]; Public Serv. Mut. Ins. Co. v Fireman’s Fund Am. Ins. Cos., 71 AD2d 353 [1979], supra).
Doyle, EJ., Winick and Skelos, JJ., concur.