■ DEAN ROSS, Appellant, v SAM WU et al., Defendants, and K.Y.W. ENTERPRISE CORP., Respondent. [811 NYS2d 26]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered May 4, 2004, dismissing the complaint after a nonjury trial, unanimously affirmed, with costs.

The binder for the $800,000 all-cash sale of defendant Sam Wu's building was not a sufficient memorandum under the statute of frauds (General Obligations Law § 5-703; *see RAJ Acquisition Corp. v Atamanuk*, 272 AD2d 164 [2000]) in that it failed to identify the corporate seller (*see Bhutta Realty Corp. v Sangetti*, 165 AD2d 852 [1990]). *Atai v Dogwood Realty of N.Y., Inc.* (24 AD3d 695 [2005]) and *Kursh v Verderame* (87 AD2d 803 [1982], *lv denied* 57 NY2d 608 [1982]), upon which plaintiff relies, are factually distinguishable. In addition, the further negotiations and exchange of drafts here showed that there was never a meeting of the minds on all essential terms (*see e.g. Yenom Corp. v 155 Wooster St. Inc.*, 23 AD3d 259 [2005]; *Frankel v Ford Leasing Dev. Co.*, 7 AD3d 757 [2004]).

In view of the foregoing, it is unnecessary to address plaintiff's other contentions. Concur—Friedman, J.P., Nardelli, Williams and Sweeny, JJ.