■ JONATHAN J. SPIER, Appellant-Respondent, v SOUTHGATE OWNERS CORP., Respondent-Appellant. [833 NYS2d 459]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 19, 2006, which granted defendant's motion for summary judgment dismissing the complaint, but denied so much of that motion as sought summary judgment on its counterclaim for breach of contract, unanimously modified, on the law, summary judgment granted to defendant as to liability

on its counterclaim, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

Defendant's February 19, 2002 letter was not a contract; its reference to a "possible" sale of air rights and the advice that it "will not consider a sale" of less than a certain square footage did not manifest a present intent to be bound (*see Prospect St. Ventures I, LLC v Eclipsys Solutions Corp.*, 23 AD3d 213 [2005]; *Marlio v McLaughlin*, 288 AD2d 97, 99-100 [2001], *lv denied* 98 NY2d 607 [2002]). The parties' further negotiations showed that there was never a meeting of the minds on all essential terms (*see Ross v Wu*, 27 AD3d 237 [2006], *lv denied* 7 NY3d 713 [2006]). Some of these terms were not indefinite because they could be calculated by reference to objective criteria (*see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483 [1989], *cert denied* 498 US 816 [1990]), but the same cannot be said as to the price or the square footage terms that were continually being negotiated. Plaintiff's claimed need for depositions provided no basis to forestall summary judgment; the central issue rested on a writing whose interpretation presented a pure issue of law for the court, and there was no showing that depositions would have shed further light on it (*see Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317, 318 [2006]). Plaintiff's claimed renovation expenditures do not constitute unconscionable injury warranting the application of promissory estoppel (*see River Glen Assoc. v Merrill Lynch Credit Corp.*, 295 AD2d 274 [2002]); in this regard, his claimed reliance on the February 19 letter was not reasonable (*see generally Skillgames, LLC v Brody*, 1 AD3d 247, 250 [2003]). In view of the foregoing, it is unnecessary to address the parties' contentions regarding the statute of frauds.

The motion court misperceived the nature of the counterclaim for reimbursement of defendant's professional costs, which was not a boilerplate request, but rather was based on two specific contractual provisions. Contrary to plaintiff's contention, since there was no enforceable contract with respect to air rights, it cannot be said that defendant was in breach and was improperly seeking to enforce a dependent obligation. Moreover, the obligation was not dependent; while one of the agreements referenced the development rights at issue, neither one conditioned plaintiff's obligation, expressly or by implication, on the existence of such rights. Any dispute regarding the amount of costs incurred in connection with matters other than plaintiff's renovation, such as a proposed joint venture to build two apartments (to which plaintiff did not agree), may be determined in further proceedings. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.