OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the decision is dismissed; and it is further, ordered that the judgment is reversed without costs and the matter is remitted to the Civil Court where the parties may stipulate to a more definite statement of facts or proceed to trial on the disputed issue in accordance with the decision herein.
After issue was joined in this action by a provider to recover assigned first-party no-fault benefits, the parties submitted an agreed statement of facts to the court for a determination (see Bhutta Realty Corp. v Sangetti, 165 AD2d 852, 853 [1990] [invoking CPLR 3222]; Coccio v Parisi, 151 AD2d 817 [1989] [same]). The sole legal issue presented by the submission was whether it was ascertainable, within one year of the subject accident, “that further expenses may be incurred as a result of the injury” (Insurance Law § 5102 [a] [1]). The Civil Court concluded that, because plaintiffs assignor had submitted an application for no-fault benefits within two months of the subject accident, the injuries that would possibly require treatment were ascertainable, with minimal investigation or a simple inquiry, within a year of the date of the accident. A judgment was entered in plaintiffs favor.
Insurance Law § 5102 (a) (1) provides for the payment of necessary medical and other expenses “all without limitation as to time, provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury.” The no-fault regulations state that “an insurer shall not be liable for the payment of medical and other benefits enumerated in section 5102(a)(1) if, during a period of one year from the date of the accident, no such expenses have been incurred by the applicant” *57 (Insurance Department Regulations [11 NYCRR] § 65-3.16 [a] [3]). No-fault expenses are incurred at the time treatment is received (see Todaro v GEICO Gen. Ins. Co., 46 AD3d 1086, 1088 [2007]).
While the parties stipulated that plaintiffs assignor had been involved in an accident on December 12, 2005, that plaintiffs assignor had submitted an application for no-fault benefits on February 1, 2006, that plaintiff had provided services between January 3, 2007 and May 14, 2007, that plaintiff had established its prima facie case, and that defendant had not received any no-fault claims on plaintiffs assignor’s behalf until January 18, 2007, the stipulation is silent as to whether plaintiffs assignor had received any relevant treatment from any provider, and therefore incurred any relevant expenses, within the one-year period following the accident. “It is well established that a stipulation of facts pursuant to CPLR 3222 must cover all points in dispute” (Bhutta Realty Corp., 165 AD2d at 853; see also CPLR 3222 [b] [5]; Coccio, 151 AD2d 817 [1989]). In our opinion, the absence of this relevant information precludes a determination of the action upon the submission of agreed upon facts. The submission should have been dismissed as inadequate, and the parties permitted to submit a more definite statement of facts or proceed to a trial on the disputed issue (see Bhutta Realty Corp., 165 AD2d 852 [1990]; Coccio, 151 AD2d 817 [1989]).
Golia, J.P, Pesce and Rios, JJ., concur.