■ EASTERN CONSOLIDATED PROPERTIES, INC., Appellant, v THE MORRIE GOLICK LIVING TRUST et al., Respondents. [922 NYS2d 301]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered March 11, 2010, dismissing the complaint, and bringing up for review an order, same court and J.H.O., entered February 18, 2010, which granted defendants' motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff failed to raise a triable issue of fact whether it produced a buyer who was ready, willing and able to purchase the subject property on the terms offered by defendants (*see Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42 [1971]). The deal memorandum entered into by the parties, which expressly stated, "This memo shall memorialize the terms of the deal that have been accepted, subject to the signing of a mutually acceptable Contract of Sale," is a classic example of an "agreement to agree," and therefore was insufficient to trigger the duty of good faith (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 297 [2003]; *RAJ Acquisition Corp. v Atamanuk*, 272 AD2d 164 [2000]). The "marked-up" contract returned by defendants' attorney to the potential buyer's attorney was a counteroffer to the contract originally proposed by the buyer

(*see Helmsley-Spear, Inc. v Kupferschmid*, 301 AD2d 442 [2003]). The potential buyer's attorney responded with concerns about inspection, zoning, air rights, parking and artist certification for "Joint Living Working Quarters." These negotiations demonstrate that there never was a meeting of the minds on all essential terms (*Spier v Southgate Owners Corp.*, 39 AD3d 277, 278 [2007]; *Ross v Wu*, 27 AD3d 237 [2006], *lv denied* 7 NY3d 713 [2006]; *David Day Realty v Farkas*, 75 AD2d 783 [1980]). Nor is there any evidence that defendants deliberately attempted to destroy a potential transaction to avoid paying a brokerage commission (*see Thoens v J. A. Kennedy Realty Corp.*, 279 App Div 216, 220 [1951], *affd* 304 NY 753 [1952]). To the contrary, even after they entered into a lease with another party, defendants attempted to complete a sale with plaintiff's potential buyer, but were unable to do so in a timely fashion.

The documentary evidence in the record obviates the need for additional discovery. Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ.