OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the decision is dismissed, as no appeal lies therefrom (see CCA 1702); and it is further ordered that the judgment is reversed, without costs, and the matter is remitted to the Civil Court where the parties may stipulate to a more definite statement of facts or proceed to trial on the disputed issue in accordance with the decision herein.
After issue was joined in this action by a provider to recover assigned first-party no-fault benefits, the parties submitted an agreed statement of facts to the court for a determination (see Marc Habif, D.C./Complete Care Chiropractic v Kemper Auto & Home Ins., 28 Misc 3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). The Civil Court awarded judgment in favor of plaintiff, finding that, since the parties had stipulated that plaintiff had timely submitted its claims and that defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) had not timely denied the claims or properly sought verification as to whether plaintiffs assignor was a resident of New York State, MVAIC was precluded from interposing its defense that plaintiff had failed to establish compliance with a condition precedent to coverage (see e.g. AP Orthopedic & Rehabilitation, PC. v MVAIC, 32 Misc 3d 133[A], 2011 NY Slip Op 51448[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
“Pursuant to Insurance Law § 5221 (b) (2), to be ‘deemed a covered person’ and thereby ‘have such rights as a covered person may have under [Insur *76 anee Law article 51],’ an injured person must be a ‘qualified person,’ as that term is defined in Insurance Law § 5202 (b), and must have complied with all of the applicable requirements of Insurance Law article 52 (e.g. Insurance Law § 5208)” (Howard M. Rombon, Ph.D., P.C. v MVAIC, 21 Misc 3d 131[A], 2008 NY Slip Op 52128[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Insofar as is relevant to this appeal, Insurance Law § 5202 (b) provides that a “[qualified person” must be a resident of New York State. While the parties stipulated that MVAIC had received a notice of intention to make claim form with respect to plaintiffs assignor, the stipulation is silent as to whether the notice of intention to make claim form was sworn and whether it reflected the residence of plaintiffs assignor. Thus, it is unknown whether the notice of intention to make claim form was sufficient to establish, in the first instance, that this condition precedent was satisfied (see e.g. Allstate Social Work & Psychological Servs., P.L.L.C. v MVAIC, 36 Misc 3d 141[A], 2012 NY Slip Op 51498[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Complete Med. Servs. of N.Y., P.C. v MVAIC, 33 Misc 3d 127[A], 2011 NY Slip Op 51835[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Moreover, we note that an insurer’s claim that there is a lack of coverage is not subject to preclusion (Howard M. Rombon, Ph.D., P.C. v MVAIC, 21 Misc 3d 131[A], 2008 NY Slip Op 52128[U]). Accordingly, the judgment is reversed and the matter is remitted to the Civil Court where the parties may stipulate to a more definite statement of facts or proceed to trial on the disputed issue (see Marc Habif D.C./Complete Care Chiropractic, 28 Misc 3d 55).
Pesce, P.J., Aliotta and Solomon, JJ., concur.