McGowan v Clarion Partners, LLC (2020 NY Slip Op 06456)





McGowan v Clarion Partners, LLC


2020 NY Slip Op 06456


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 650710/15 Appeal No. 12362 Case No. 2019-5477 

[*1]Barry McGowan, Plaintiff-Appellant,
v
Clarion Partners, LLC, Defendant-Respondent.


Catafago Fini LLP, New York (Tom M. Fini of counsel), for appellant.
King & Spalding LLP, New York (Richard T. Marooney of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 1, 2019, which, insofar appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the first, second, and fourth causes of action, unanimously affirmed, with costs.
The court correctly found, as a matter of law, that the term sheet, which said, "Agreed amongst the parties but subject to signed documentations," was "a preliminary agreement contingent on and not intended to be binding absent formal documentation" (Kowalchuk v Stroup, 61 AD3d 118, 123 [1st Dept 2009] [internal quotation marks omitted]). Notably, the term sheet also said that the management team would purchase an economic interest in defendant and that "[t]he structure of this economic interest is to be determined." Given the above, the court properly granted defendant's motion for summary judgment dismissing the first cause of action for breach of contract (see e.g. Benham v eCommission Solutions, Inc., 118 AD3d 605, 606-607 [1st Dept 2014]; Eastern Consol. Props., Inc. v Morrie Golick Living Trust, 83 AD3d 534 [1st Dept 2011]). Stonehill Capital Mgt. LLC v Bank of the W. (28 NY3d 439 [2016]), on which plaintiff relies, is distinguishable, as it involved an auction bid.
To be sure, "parties may enter into a binding contract under which the obligations of the parties are conditioned on the negotiation of future agreements. In such a case, the parties are obliged to negotiate in good faith" (IDT Corp. v Tyco Group, S.A.R.L., 23 NY3d 497, 502-503 [2014]). However, "not every good faith negotiation bears fruit" (id. at 503). Furthermore, there is a difference between proposing terms inconsistent with the preliminary agreement and insisting upon them (see id. at 501). Defendant did propose terms that were inconsistent with the term sheet; however, before things could get to the stage of insisting, one of the three management team members mentioned in the term sheet (who had also signed it) rejected defendant's offer, defendant stopped the lawyers from preparing further documentation, and plaintiff agreed that everyone needed to regroup. Thus, the court properly granted summary judgment dismissing the second cause of action for breach of the covenant of good faith and fair dealing.
In light of the ruling on the contract claim, there was neither a sufficiently clear and unambiguous promise nor reasonable reliance (see e.g. Benham, 118 AD3d at 607; Chatterjee Fund Mgt. v Dimensional Media Assoc., 260 AD2d 159, 159-160 [1st Dept 1999]). Therefore, the court correctly granted summary judgment dismissing the fourth cause of action for promissory estoppel.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020