■ MARTIN J. KERINS, Appellant, v PRUDENTIAL PROPERTY & CASUALTY, Respondent.—Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Kahn, J.), entered February 26, 1991 in Albany County, which granted summary judgment in favor of defendant and dismissed that part of the complaint alleging collateral estoppel.

Plaintiff was involved in a motor vehicle collision with Helen Waters on November 6, 1987. Thereafter, Waters' automobile insurance carrier (Nationwide Insurance Company) made a claim against plaintiff's insurance carrier (defendant). Defendant disclaimed coverage based on a prior cancellation of plaintiff's coverage. Nationwide then filed for uninsured motorist arbitration and Nationwide and defendant proceeded to arbitration. The arbitration panel held that defendant had not proved its disclaimer of coverage. The arbitration was conducted by the two carriers pursuant to rules of a master arbitration agreement providing that awards thereunder were for the purpose of the dispute submitted only and had no collateral estoppel effect.

Waters subsequently commenced an action for personal injuries sustained in the accident against plaintiff and Cranberry Bog Restaurant. Defendant refused to defend based on its disclaimer of coverage. Plaintiff then commenced this action against defendant seeking a judgment declaring that (1) defendant was collaterally estopped from denying coverage due to the arbitration decision, (2) the arbitration decision is binding on defendant and defendant is therefore required to defend and indemnify plaintiff in the personal injury action, and (3) defendant's disclaimer of coverage is defective. Plaintiff next moved for summary judgment based on collateral estoppel. Supreme Court denied the motion and granted judgment dismissing that part of the complaint asserting that defendant is collaterally estopped by the decision of the uninsured motorist arbitration panel. This appeal by plaintiff followed.

The primary question presented on this appeal is whether the decision of the arbitration panel resolving this claim under a master arbitration agreement limiting collateral estoppel as to any pending or future claims between the arbitrating companies is valid. We respond in the negative. The order of Supreme Court should therefore be affirmed.

"[T]here are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71; *see, Gilberg v Barbieri,* 53 NY2d 285, 291). "[C]ollateral estoppel is a flexible doctrine that can never be rigidly or mechanically applied * * * The question as to whether a party had a full and fair opportunity to contest a prior determination * * * involves a practical inquiry into 'the realities of litigation' " *(Gilberg v Barbieri, supra,* at 292, quoting *Schwartz v Public Adm'r of County of Bronx, supra,* at 72), including a "recognition that if the first proceeding involved trivial stakes, it may not have been litigated vigorously" *(Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 153). And, "the expectation of the parties is important in determining the fairness of applying issue preclusion in a particular case" *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 277; *see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 192-193).

The intention of the two insurance companies in this case not to have collateral estoppel apply to the arbitration decision is clear because of their agreement and the explicit rules governing their arbitration process. If the arbitration decision were to be given collateral estoppel effect here it would change that expectation. Additionally, defendant has submitted relevant evidence that proper notice of cancellation was sent to plaintiff which was not before the arbitration panel and which, if accepted, could lead to a coverage decision favorable to defendant. Further, Waters had not commenced her action for personal injuries against Cranberry Bog Restaurant at the time the dispute was submitted to arbitration. Applying the relevant policy and societal considerations, we find no compelling reason in the record to disturb the result reached by Supreme Court in this case.

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.