■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v GEORGE WIENER, Respondent. [699 NYS2d 894] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered December 4, 1998, as denied its application to compel the respondent to comply with the discovery provisions set forth in the insurance policy before proceeding to arbitration.

Ordered that the order is modified by deleting therefrom the provision denying those branches of the application which were to compel the respondent to submit to both a physical examination and an examination under oath, and to provide authorizations for the release of medical records, and substituting therefor provisions granting those branches of the application, with that discovery to take place after the conclusion of the hearing directed by the order appealed from, and otherwise denying the application; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

On the record presented, we disagree with the Supreme Court's finding that the petitioner insurance carrier had ample time to seek discovery of the respondent insured as provided for in the underlying insurance policy but unjustifiably failed to do so (*see, Matter of Allstate Ins. Co. v Faulk,* 250 AD2d 674; *Matter of Liberty Mut. Ins. Co. v DeCaro,* 244 AD2d 487). However, such discovery should not occur until after the conclusion of the hearing directed by the order appealed from, at which various threshold procedural issues determinative of whether the arbitration may proceed are to be litigated. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.