■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v KATHLEEN SMITH, Appellant. [717 NYS2d 210] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of a claim for underinsured motorist benefits, the appeal is from an order and judgment (one paper) of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 18, 2000, which granted the petition and permanently stayed arbitration.

Ordered that the order and judgment is reversed, on the law, with costs, and the petition to stay arbitration is denied.

The appellant, Kathleen Smith, was driving on Route 52 in the Village of Fishkill when she was involved in a collision with a vehicle operated by Christine Wylie. The appellant subsequently commenced a personal injury action against Wylie and the Supreme Court granted her summary judgment on the issue of liability. Thereafter, the appellant voluntarily agreed to submit to arbitration on the issue of damages against Wylie. Under the terms of the arbitration agreement, the decision rendered by the arbitrator was to be conclusive "only as to the matters being adjudicated in said arbitration, pertaining to the parties present," and was to have no "collateral estoppel effect as to the same or similar issues in companion claims or actions arising out of the incident which is the subject of said arbitration."

After the arbitrator awarded the appellant $25,000, which represented the maximum amount of Wylie's liability coverage, the appellant sought underinsured motorist benefits from her insurance carrier, the State Farm Insurance Company (hereinafter State Farm). State Farm denied the appellant's claim, maintaining that she was collaterally estopped from seeking underinsured motorist benefits because the arbitrator had already determined the amount that she was entitled to receive from the driver of the offending vehicle. The appellant then demanded arbitration of her underinsured motorist claim, and State Farm responded by commencing this proceeding for a permanent stay of arbitration. The Supreme Court granted State Farm's petition, finding that the arbitrator's determination that the appellant was entitled to $25,000 in damages for the injuries she had sustained in the accident was conclusive, and that there was no further issue to arbitrate. We now reverse.

Although it is well settled that the doctrine of collateral

estoppel applies to arbitration awards (*see, Matter of American Ins. Co. [Messinger]*, 43 NY2d 184), it is also true that "resolution of disputes by arbitration is grounded in agreement of the parties" (*Sullivan v Nezelek*, 42 NY2d 123, 128). Thus, the parties are free to limit the scope and effect of an arbitration agreement by formulating their own "contractual restrictions on carry-over estoppel effect" (*Matter of American Ins. Co. [Messinger], supra*, at 193-194). Here, the parties to the prior arbitration exercised that right by consenting to a provision which limited the collateral estoppel effect of the determination to the appellant's damages claim against Wylie. Accordingly, the prior arbitration decision does not preclude the appellant from pursuing her claim against State Farm for underinsured motorist benefits (*see, Kerins v Prudential Prop. & Cas.*, 185 AD2d 403). Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.