■ HERBERT FEINBERG, Individually and as Assignee of I.A. ALLIANCE CORP., Respondent, v JEROME S. BOROS, ESQ., et al., Appellants. [793 NYS2d 416]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered September 9, 2004, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to vacate the order dismissing the complaint and to amend the complaint, unanimously affirmed, without costs.

In 1997, plaintiff and his former partner, Norman Katz, submitted to arbitration the issue of the final purchase price of Katz's share of the jointly owned I. Appel Corporation, thus barring litigation of plaintiff's claims against the corporation's accounting firm (I. Appel Corp. v Mahoney Cohen & Co., 294 AD2d 196 [2002]; 6 AD3d 279 [2004], lv denied 4 NY3d 701 [2004]).

Plaintiff now seeks damages resulting from the alleged

negligence of their former attorneys in failing to move to amend the arbitration award to insert language limiting the collateral estoppel effect of the award. We agree that plaintiff's pleading of his legal malpractice cause of action was sufficient to survive defendants' original CPLR 3211 (a) (7) motion. From the alleged facts, accepting them as true, according them the benefit of every possible favorable inference, and evaluating them only as to whether they fit within any cognizable legal theory, one could infer that plaintiff's former partner would have been amenable to an agreement limiting the estoppel effect of the arbitration award. Defendants have not established, as a matter of law, that even if plaintiff and Katz had entered into an agreement limiting the collateral estoppel effect of the arbitration award, the Mahoney Cohen lawsuit would nonetheless have been dismissed on collateral estoppel grounds (*Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184 [1977]; *accord Kerins v Prudential Prop. & Cas.*, 185 AD2d 403 [1992]). In circumstances involving arbitration, the parties themselves can formulate their own contractual restrictions on the carry-over estoppel effect (*Matter of State Farm Ins. Co. v Smith*, 277 AD2d 390 [2000]). Accordingly, plaintiff's proposed amended complaint sufficiently states a claim for legal malpractice (*Deitz v Kelleher & Flink*, 232 AD2d 943 [1996]; *see also Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg*, 199 AD2d 45 [1993]). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.