■ MARY BETH WHITE, Appellant, v HUGH FRIZE, Respondent. [827 NYS2d 302]—

Rose, J. Appeal from a judgment of the Supreme Court (McCarthy, J.), entered July 6, 2005 in Ulster County, upon a verdict rendered in favor of defendant.

In March 1996, plaintiff commenced this action to recover damages for sexual abuse allegedly inflicted upon her on several occasions between 1988 and 1991 by defendant, her stepfather. In May 1996, she testified to this sexual abuse in a Family Court proceeding brought by defendant against her mother for, among other things, sole decision-making authority over the education of those parties' son. Although Family Court found that defendant had sexually abused plaintiff as she alleged, it still concluded that his conduct posed no threat to his son and

granted the relief he sought, and we affirmed (*Matter of Frize v Frize*, 266 AD2d 753 [1999]). In September 2003, on the day set for trial of this action and more than 15 months after the deadline set for dispositive motions, plaintiff was granted an adjournment to move for partial summary judgment on the issue of defendant's liability. Plaintiff asserted that collateral estoppel barred defendant from relitigating the factual issue of whether he had sexually abused her. Supreme Court (Connor, J.) denied plaintiff's motion and, following trial in June 2005, the jury returned a verdict in defendant's favor. Plaintiff now appeals, arguing only that Supreme Court improperly denied her motion for partial summary judgment.

Initially, we agree with defendant that Supreme Court erred by considering plaintiff's untimely motion for summary judgment. The record is devoid of any showing by plaintiff or finding by the court as to good cause for her failure to comply with statutory deadlines (*see* CPLR 3212 [a]). Supreme Court simply ignored the issue of timeliness and stated that it reached the motion's merits "so that the matter may proceed expeditiously to trial." Ironically, the court's consideration of the motion had the opposite effect of greatly delaying trial. In these circumstances, it was an abuse of discretion for Supreme Court to consider the motion (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Braunsdorf v Haywood*, 295 AD2d 731, 733 [2002]).

Even if we were to consider the merits of plaintiff's motion, we would note that collateral estoppel is a flexible, equitable doctrine that requires a case-by-case analysis of the facts and realities of a particular litigation, and should not be rigidly or mechanically applied (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Kerins v Prudential Prop. & Cas.*, 185 AD2d 403, 404 [1992]). One limitation on the doctrine's use is that the prior determination will generally not be given preclusive effect unless the resolution of the issue was "essential" to the ruling rendered in the first proceeding and "it must be the point actually to be determined in the second action . . . such that 'a different judgment in the second would destroy or impair rights or interests established by the first' " (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984], quoting *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 307 [1929]; *see Hinchey v Sellers*, 7 NY2d 287, 293 [1959]; *Silberstein v Silberstein*, 218 NY 525, 528 [1916]).

Here, Family Court's decision in the first proceeding makes clear that the issue of whether or not defendant sexually abused plaintiff was only considered because, if the abuse did not occur and the allegations were fabricated for the mother's benefit, the

court would have to find her to be totally uncreditable and not a fit custodial parent. Having found that the abuse did occur, Family Court nonetheless found defendant to be entitled to sole decision-making authority over his son's education. Thus, the occurrence of sexual abuse ultimately proved to be immaterial to Family Court's award to defendant, and the failure to give preclusive effect to the prior finding of sexual abuse creates no inconsistency between the Family Court order and the judgment entered in this action.

Accordingly, we decline to disturb the jury verdict rejecting plaintiff's cause of action for damages.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.