■ In the Matter of INTERBORO INSURANCE COMPANY, Formerly Known as INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v THERESA RIENZO, Respondent. [863 NYS2d 483]—In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 10, 2008, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof denying that branch of the petition which was to direct the respondent, prior to arbitration, to submit to an examination under oath and a physical examination, and to furnish the petitioner with the respondent's pertinent medical documentation or authorizations for the petitioner to obtain that documentation and, in effect, dismissing that branch of the petition, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and that branch of the petition is reinstated.

The Supreme Court correctly concluded that the respondent was not barred by the doctrines of res judicata or collateral estoppel from pursuing arbitration against the petitioner with respect to her claim for supplementary uninsured/underinsured motorist benefits; accordingly, that branch of the petition which was for a stay of the arbitration on that basis was properly denied (*see Matter of State Farm Ins. Co. v Smith*, 277 AD2d

390 [2000]; *Kerins v Prudential Prop. & Cas.*, 185 AD2d 403 [1992]).

However, the Supreme Court should have granted the alternative branch of the petition, which the respondent Theresa Rienzo did not oppose, which was to direct Rienzo to submit to an examination under oath and a physical examination, and to furnish pertinent medical documentation or authorizations for the petitioner to obtain that documentation, prior to arbitration (*see* 11 NYCRR 60-2.3 [f] [2], [3]; *Matter of Interboro Mut. Indem. Ins. Co. v Wiener*, 267 AD2d 310 [1999]).

The petitioner's remaining contentions are either raised for the first time on appeal and thus not properly before this Court, or without merit. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.