[894 NYS2d 322]

GOVERNMENT EMPLOYEES INSURANCE CO., as Subrogee of Stephen Juengst, Respondent, v TOWN OF OYSTER BAY et al., Appellants.

Supreme Court, Appellate Term, Second Department, November 19, 2009

### APPEARANCES OF COUNSEL

*Burns, Russo, Tamigi & Reardon, LLP*, Garden City (*Peter F. Tamigi* and *Misty D. Marris* of counsel), for appellants. *Law Offices of Ricky J. Lucyk*, Woodbury (*Michael Avella* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the order, insofar as appealed from, is affirmed without costs.

Plaintiff Government Employees Insurance Co. (GEICO) brought this subrogation action to recoup monies it had paid its insured for damage to his vehicle arising from a collision that occurred on February 16, 2007 at the intersection of Round Swamp Road and Kingswood Drive in Nassau County. Lucille Juengst was proceeding north in the right-hand lane of Round Swamp Road, driving the car owned by plaintiff's subrogor. A sanding truck owned by defendant Town of Oyster Bay and driven by defendant Kevin Freiberg, which had also been proceeding north on Round Swamp Road, but in the left-hand lane, made a right turn onto Kingswood Drive, allegedly directly in front of Juengst. Juengst swerved sharply onto Kingswood Drive, but an impact nevertheless occurred, as a result of which Juengst was injured and the left front of the vehicle she was driving sustained damage.

GEICO paid Juengst's medical expenses, and an arbitration between GEICO as subrogee, and the Town of Oyster Bay, in which GEICO sought to recoup the cost of the medical expenses

incurred by Juengst, was held before Arbitration Forums, Inc. (AFI). The arbitrator denied GEICO's claim based on the case of *Riley v County of Broome* (95 NY2d 455 [2000]); implicit in the arbitrator's decision was his legal conclusion that the applicable standard of care for defendants in this case was reckless disregard for the safety of others or gross negligence. Applying said standard, he concluded that defendant was not liable to plaintiff.

Following the arbitration, defendants moved, without opposition, to amend their answer to include the affirmative defenses of res judicata and collateral estoppel. Additionally, they moved for dismissal of the complaint on the ground that the arbitration decision precluded plaintiff, based on the doctrines of res judicata and collateral estoppel, from litigating this claim or, in the alternative, for summary judgment dismissing the complaint.

"[I]n general the doctrines of claim preclusion and issue preclusion between the same parties (more familiarly referred to as *res judicata* or direct estoppel) apply as well to awards in arbitration as they do to adjudications in judicial proceedings" (*Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 189-190 [1977]). Explicit restrictions in the arbitration rules, however, may limit the carry-over effect of the arbitration ruling (*see id.* at 193; *see also Feinberg v Boros*, 17 AD3d 275, 276 [2005]; *Matter of State Farm Ins. Co. v Smith*, 277 AD2d 390, 390-391 [2000]). Here, AFI's rules specified that, "[o]ther than proceedings before AFI, the decision of an Arbitrator has no legal effect on any other claim or suit arising out of the same accident or occurrence." The AFI rule limiting the preclusive effect of the arbitrator's decision, which is clear and unambiguous, operates to preclude application of the doctrines of res judicata or collateral estoppel respecting the arbitrator's decision in a separate judicial proceeding. Consequently, the District Court correctly denied the branch of defendants' motion seeking to dismiss the complaint based on res judicata and collateral estoppel.

The branch of defendants' motion seeking summary judgment was premised on the assertion that the applicable standard of care was "reckless disregard for the safety of others" or "gross negligence." To the extent defendants relied on the arbitrator's decision in making this argument, we reiterate that said decision is not binding in this action.

A sanding truck is a "hazard vehicle" as such term is defined in Vehicle and Traffic Law § 117-a (*see Kearns v Pi-*

*att,* 277 AD2d 677 [2000]; *New York Cent. Mut. Fire Ins. Co. v Bellini,* 2 Misc 3d 40 [App Term, 9th & 10th Jud Dists 2003]), and, as such, when actually engaged in sanding operations is subject to a statutory standard of care to avoid "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; *see Bliss v State of New York,* 95 NY2d 911, 913 [2000]; *Riley v County of Broome,* 95 NY2d at 459). However, when not so actually engaged, a sanding vehicle is subject to the lower "ordinary negligence" standard of care (*see Hofmann v Town of Ashford,* 60 AD3d 1498 [2009]; *Marvin v Town of Middlesex,* 2002 NY Slip Op 50006[U] [2002], *affd* 300 AD2d 1112 [2002]).

The proponent of a motion for summary judgment must make a prima facie showing, by the tender of sufficient admissible evidence, that there are no material issues of fact in dispute, and that it is entitled to summary judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). All evidence must be viewed in the light most favorable to the opponent of the motion (*Crosland v New York City Tr. Auth.,* 68 NY2d 165, 168 n 2 [1986]; *Amidon v Yankee Trails, Inc.,* 17 AD3d 835 [2005]). As the District Court correctly noted, Freiberg's affidavit, which was the sole admissible evidence proffered by defendants in support of their motion, merely set forth that Freiberg was engaged in sanding operations "just prior" to the accident, not at the time of the accident. Defendants' motion papers did not exclude the possibility that Freiberg was traveling from one work site to another at the time of the accident, in which case an "ordinary negligence" standard of care would apply (*see Hofmann v Town of Ashford,* 60 AD3d at 1499; *Davis v Incorporated Vil. of Babylon, N.Y.,* 13 AD3d 331 [2004]). The affirmation of defendants' attorney, who did not allege personal knowledge of the facts, could not be considered (*see JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373, 384-385 [2005]). Defendants' evidence was insufficient either to establish that defendants were subject to the "reckless disregard for the safety of others" standard of care, or to establish that defendants did not breach their duty of care to Juengst. The District Court thus correctly concluded that defendants failed to meet their prima facie burden of showing their entitlement to judgment as a matter of law.

In view of the foregoing, the order, insofar as appealed from, is affirmed.

MOLIA, J.P., LACAVA and IANNACCI, JJ., concur.