■ JENNIFER MENDOZA, Plaintiff, v FARMERS INSURANCE COMPANY, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Also Known as MVAIC, Respondent. [979 NYS2d 570]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about October 3, 2012, which, after a framed issue hearing, found that defendant Farmers Insurance Company is obligated to provide plaintiff with coverage for the subject accident, unanimously affirmed, with costs.

Mandatory arbitration is the sole available remedy pursuant to 11 NYCRR 65-4.11 and Insurance Law §§ 5105 and 5221 (b) (6) in order to determine issues of coverage between insurance carriers and defendant Motor Vehicle Accident Indemnification

Corporation (MVAIC). The fact that appellant submitted its "contentions," which included the affirmative defense of no coverage due to cancellation of the policy, establishes that it was aware of the arbitration proceeding, and yet did not appear, seek an adjournment to present the necessary documentation regarding the cancellation, or file a petition to vacate the arbitration award pursuant to CPLR 7511. Thus, appellant had a "full and fair opportunity to contest the decision" (*Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 192 [1977] [emphasis omitted]), and failed to do so.

The issue in both actions was the alleged cancellation of the insurance policy, which was decided by the arbitrator. The fact that plaintiff now seeks bodily injury benefits does not alter this result, as there is no evidence that the parties arbitrated under an agreement to limit the preclusive effect of the arbitration decision (*cf. Kerins v Prudential Prop. & Cas.*, 185 AD2d 403, 404 [3d Dept 1992]). Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.