Stang v Erie Ins. Co. (2021 NY Slip Op 07361)





Stang v Erie Ins. Co.


2021 NY Slip Op 07361


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


803 CA 20-01666

[*1]RICHARD N. STANG AND MADONNA STANG, PLAINTIFFS-RESPONDENTS,
v
ERIE INSURANCE COMPANY AND ERIE INSURANCE COMPANY OF NEW YORK, DEFENDANTS-APPELLANTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
GIBSON MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 15, 2020. The order denied the motion of defendants to limit the amount of damages plaintiffs may recover and granted the cross motion of plaintiffs to dismiss defendants' affirmative defense of collateral estoppel. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff Richard N. Stang was operating a motor vehicle in which his wife, plaintiff Madonna Stang, was a passenger when that vehicle was involved in a collision with another vehicle. Plaintiffs subsequently commenced a personal injury action against the driver of the other vehicle (nonparty driver), and the parties in that action agreed to submit to binding arbitration. Pursuant to the terms of the arbitration agreement, the decision rendered by the arbitrator was to be conclusive "only as to the matters being adjudicated in this Arbitration and only as to the parties to this Arbitration and State Farm Insurance Company, as the insurer of [the nonparty driver]." The agreement was to have "no res judicata, collateral estoppel, carry-over estoppel and/or binding effect as to the same or similar issues in any claim or action for supplementary underinsured motor[ist]'s benefits." After the arbitrator awarded plaintiffs $390,000 for, inter alia, Richard Stang's past and future pain and suffering, plaintiffs and the nonparty driver settled for the upper limit of the State Farm Insurance Company policy, i.e., $250,000.
Plaintiffs then submitted a claim for supplementary uninsured/underinsured motorist (SUM) benefits to their insurance carrier, defendant Erie Insurance Company (Erie). Erie denied the claim. Thereafter, plaintiffs commenced the instant action against defendants seeking to recover damages in the amount of the SUM coverage available under the policy, less an offset of the $250,000.
Defendants moved for an order, inter alia, limiting on the ground of collateral estoppel the maximum amount of damages that plaintiffs may recover to the amount of the arbitrator's award. Plaintiffs cross-moved for an order dismissing defendants' affirmative defense of collateral estoppel. Supreme Court denied defendants' motion and granted plaintiffs' cross motion, and we affirm.
"[P]arties are free to limit the scope and effect of an arbitration agreement by formulating their own 'contractual restrictions on carry-over estoppel effect' " (Matter of State Farm Ins. Co. v Smith , 277 AD2d 390, 391 [2d Dept 2000], quoting Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.] , 43 NY2d 184, 194 [1977]). Here, plaintiffs and the [*2]nonparty driver, as parties to the prior arbitration, consented to the provision in the arbitration agreement that limited the preclusive effect of the arbitrator's decision. Thus, the prior arbitration decision does not limit the amount of damages that plaintiffs may recover in this action (see id. ; Kerins v Prudential Prop. & Cas. , 185 AD2d 403, 404 [3d Dept 1992]).
In light of our determination, defendants' remaining contentions are academic.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court